COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Henry Moore, claimant.

Judgment of forfeiture, in the superior court, of intoxicating liquors of the value of more than twenty dollars, seized on a warrant of search issued by a police court under the Gen. Sts. *c.* 86, § 42, will not be arrested for the reason that certified copies only of the complaint and warrant and other papers in the case were transmitted by the police court to the superior court after the issue and service of notice under § 54.

COMPLAINT under the Gen. Sts. *c.* 86, § 42, to the police court of Salem, for a warrant of search for certain intoxicating liquors. It appearing to that court that the liquors seized on the warrant exceeded twenty dollars in value, a notice to the claimant was duly issued and served, returnable to the superior court, to which certified copies of the complaint, warrant, and other papers in the case, were transmitted. At the trial in that court the jury returned a verdict that the liquors seized were kept as alleged in the complaint; and the claimant filed a motion in arrest of judgment, alleging that, as the originals of the complaint and warrant and other papers were not transmitted to the superior court, it had not jurisdiction of the case. This motion was overruled by *Lord*, J.; and the claimant alleged exceptions.

*N. Richardson*, for the claimant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, J. By Gen. Sts. *c.* 86, § 54, when liquors are seized and the warrant is returned before a justice, if he finds that they are of the value of more than twenty dollars, he issues a notice returnable to the superior court. Thereupon that court has jurisdiction of the case.

There seems to be no provision as to whether he shall send up original papers or copies. But irregularities in sending up papers do not affect jurisdiction, and therefore the motion in arrest of judgment cannot be sustained. St. 1864, *c.* 250, §§ 2, 3. See also Gen. Sts. *c.* 86, § 48. · *Exceptions overruled.*\*

---

\* A similar decision was made in the case of COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, *John Roche, claimant,* argued, at the same session, by

*A. F. L. Norris,* for the claimant, and *C. Allen,* Attorney General, for the Commonwealth.