## John Leddy *vs.* Robert Crossman.

On the trial of an action against an officer for false imprisonment, it appeared that while he was serving a legal process the plaintiff obstructed and assaulted him, and that he arrested the plaintiff therefor without a warrant; but the evidence was conflicting on the question whether the arrest was made before or after the obstruction and assault had ceased. *Held,* that the plaintiff had no ground of exception to the submission of that question to the jury with instructions that the defendant was justified if the arrest was part of the transaction of the service of the process.

Tort for false imprisonment. At the trial in the superior court, before *Reed,* J., it appeared that the defendant was a deputy of the constable of the Commonwealth, and was engaged in searching the plaintiff's tenement for intoxicating liquors in the execution of a warrant under the St. of 1869, *c.* 415; that the plaintiff hindered and opposed him in the execution of the warrant; that blows were exchanged between them; and that " at some stage of these proceedings " he arrested the plaintiff. But " the testimony left it uncertain at what time, whether after the assault and hindering had ceased, or before that time, the arrest was made."

The plaintiff requested the judge to rule " that if at the time of the arrest the plaintiff had ceased all opposition to the officer, and was at the time not committing any breach of the peace, the defendant had no right to arrest him without a warrant." The judge refused so to rule, but instructed the jury " that, if the arrest was so connected with what had previously taken place between the plaintiff and the officer as to be part of the same transaction, the defendant had a right to arrest the plaintiff then and there without a warrant, but otherwise he had not such right." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. R. Townsend,* for the plaintiff.

*J. Brown,* for the defendant.

Ames, J. The violent resistance of the plaintiff to the execution of a lawful warrant would have justified his immediate arrest by the officer. It was not necessary, in order to justify such

arrest, that the officer should give up the service of the process which he had begun, or postpone it until he had disposed of the new case arising from the plaintiff's interference. If the service of the process, the plaintiff's resistance to that service, and his arrest, were all parts of the same transaction, the arrest was not unlawful. This question was put to the jury under proper instructions, and their verdict must be considered as deciding that the arrest was substantially simultaneous with the other proceedings, or at least immediately after the assault. For such a breach of the peace the officer might lawfully arrest, either during its continuance or immediately after the act.

*Exceptions overruled.*