## COMMONWEALTH *vs.* JAMES BURKE.

Berkshire.    Sept. 12, 1876.    COLT, MORTON & ENDICOTT, JJ., absent.

A complaint on the St. of 1875, *c.* 99, which charges that the defendant "unlawfully did sell intoxicating liquors, not having then and there any license, authority or appointment, according to law, to make such sale," is in due form.

A misrecital, in the record of a lower court, of the warrant issued upon a complaint for an offence, is no ground for quashing the complaint or arresting judgment in the appellate court.

COMPLAINT under the St. of 1875, *c.* 99, to the District Court of Northern Berkshire, averring that James Burke, at Adams, on May 15, 1875, " unlawfully did sell intoxicating liquors to Leonard Furber, the said James Burke not having then and there any license, authority or appointment, according to law, to make such sale."

The warrant for the arrest of the defendant was issued by " Jarvis Rockwell, justice of said court."

The defendant moved to quash the complaint, on the ground that no offence was therein charged with the certainty and particularity required by law, because it was not alleged that the intoxicating liquors, alleged to have been sold by the defendant, were not cider or native wines made by himself, and not sold to be drunk on the premises.

This motion was overruled, the defendant was tried and found guilty, and appealed to the Superior Court.

The record of the District Court, transmitted to the Superior Court, recited that the warrant was " issued by James Rockwell, Esq., under seal."

At the trial in the Superior Court, before *Rockwell*, J., the defendant, after the jury were empanelled, renewed his motion to quash the complaint, made in the District Court, and also moved to quash the complaint " because the record shows that a warrant was issued by ' James Rockwell, Esq., under seal,' while the copies show that the warrant was issued by Jarvis Rockwell, Justice of the District Court of Northern Berkshire, and said warrant in fact was issued by a person without authority, and having no authority to issue the same; and further, that it does not appear that said James Rockwell had any authority to

issue said warrant; and because the papers are otherwise infor-mal, irregular and void in law."

These motions were overruled. The jury returned a verdict of guilty, and the defendant filed a motion in arrest of judgment, for the reasons assigned in his motions to quash. This motion was overruled; and the defendant alleged exceptions.

*J. C. Wolcott*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. The complaint and warrant were in due form, and the misrecital of the latter in the record of the District Court was an irregularity which was rendered immaterial by the appeal. *Commonwealth* v. *Fredericks*, 119 Mass. 199.

*Exceptions overruled.*