COMMONWEALTH *vs.* HENRY WAIT & others.

Franklin.  September 20. — 28, 1881.  LORD & DEVENS, JJ., absent.

The attestation by a magistrate at the end of a record, including a complaint and warrant not separately attested, sent up on appeal from him to the Superior Court, is a sufficient attestation of all the proceedings.

A complaint was dated and sworn to by the complainant on a certain day before a magistrate, who issued a warrant thereon, which stated that the complaint was "this day made on oath before me, the subscriber," but was not dated. The record of the magistrate, which included the complaint and warrant, sent up on appeal from him to the Superior Court, showed that the defendant was brought before him two days after the date of the complaint. *Held,* that, taking the whole record together, the date of the warrant appeared to have been the same as the date of the complaint.

An objection to informality of a warrant is not open to the defendant after verdict in the Superior Court on appeal from the sentence of a magistrate who issued the warrant.

COMPLAINT, under the St. of 1878, *c.* 172, addressed to a trial justice, and alleging that, on August 1, 1879, at Montague, the defendants "did unlawfully and wilfully use a sweep seine in the waters of the Connecticut River, said seine having a mesh which stretches less than five inches, against the peace," etc.

The defendant, being convicted before the trial justice, appealed to the Superior Court.

The copy of proceedings filed in that court contained: 1st. The complaint, dated and sworn to before the magistrate "this sixth day of August in the year of our Lord one thousand eight hundred and seventy-nine." 2d. A warrant, which directed the defendants to be brought in to answer to "the foregoing complaint this day made on oath before me, the subscriber," was dated "this sixth day of　　　in the year of our Lord one thousand eight hundred and seventy-　　," and was not subscribed by the magistrate. 3d. A record, signed by the magistrate, stating that "by virtue of the within warrant the defendants are brought into court this eighth day of August, A. D. 1879," and stating their trial and conviction, appeal and recognizance. The only attestation was at the end of the record, in these words, "A true copy, Attest:" signed by the magistrate.

At the trial in the Superior Court, before *Brigham*, C. J., after a verdict of guilty, the defendants filed a motion in arrest of judgment, "for the reason that the magistrate before whom said action was heard did not make and transmit to the Superior Court a copy of the conviction and other proceedings in the case, and because it did not appear that the papers used on the trial of the case were true copies of the proceedings before said magistrate." The district attorney thereupon suggested a diminution of the record, and asked to be allowed to file an amended record, which request was granted, and an amended record filed, supplying the omissions in the former copy; and the motion in arrest of judgment was overruled. The defendants alleged exceptions.

*A. De Wolf*, for the defendants.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J. The attestation by the magistrate at the end of the record was a sufficient attestation of all the proceedings, including the complaint and warrant. *Commonwealth* v. *Ford*, 14 Gray, 399. *Commonwealth* v. *Barry*, 115 Mass. 146. The case is thus distinguished from *Commonwealth* v. *Doty*, 2 Met. 18, on which the defendants rely, in which there was no attestation of the record.

Taking the whole record together, the date of the warrant appears, by comparison with the date and jurat of the previous complaint to which it refers and on which it purports to have been issued, and with the succeeding statement in the record of the time when the defendants were brought in upon the warrant, to have been August 6, 1879. *Donahoe* v. *Shed,* 8 Met. 326. Neither the objection that the original warrant was without signature, nor the objection that the copy duly attested did not correspond with the original, was open after verdict. *Commonwealth* v. *Hart,* 123 Mass. 416. And it may be doubted whether, when the accused is before the court, any objection to the form of the warrant on which he has been brought in is open to him at any stage of the prosecution. 2 Hawk. *c.* '27, § 102. Stark. Crim. Pl. (2d ed.) 297. *Ex parte Scott,* 4 Man. & Ryl. 361; *S. C.* 9 B. & C. 446. *Exceptions overruled.*