## COMMONWEALTH *vs.* BEALY F. FOWLER.

Middlesex.　Nov. 21, 1887. — Jan. 2, 1888.　DEVENS & W. ALLEN, JJ.,
absent.

A complaint cannot be maintained for the illegal sale of intoxicating liquor to a
minor, unless the fact of such minority is averred.

A complaint for the illegal sale of intoxicating liquor to A. is maintained by proof
that A. was acting as the agent of an undisclosed principal.

At the trial of a complaint for selling intoxicating liquor to A., there was evidence
that A. was a boy eleven years of age; that, at the time alleged, acting as the
agent of his father, he ordered the liquor in question and paid for it, and the de-
fendant delivered it at the house where the boy and his father lived; and that
he did not disclose his agency to the defendant on this occasion, or on similar
previous occasions. The defendant asked the judge to rule that there was no
sufficient evidence of a sale and delivery to A. The judge refused so to rule,
and instructed the jury that if the boy did not disclose, in any manner, to the
defendant, at the time of the alleged sale, that he wanted the liquor for his
father, the sale would be to the boy. *Held,* that the instruction might be con-
strued to mean that, if the father was not in any manner disclosed or known at
the time as the principal, the charge of a sale to the son was supported by the
evidence; and that the defendant had no ground of exception.

At the trial of a complaint for selling intoxicating liquor to A., there was evidence
that A., who was a boy eleven years old, had given to him by his father a sum
of money to buy liquor for the father; that the boy met the defendant on the
street, and ordered and paid for the liquor, which the defendant subsequently
delivered at the house where the boy and his father lived; and that the boy did
not on this occasion, or on similar occasions, inform the defendant that he was
acting as his father's agent. *Held,* that the evidence would warrant the jury in
finding that there had been a sale and delivery to A.

COMPLAINT, alleging that the defendant, at Newton, on Oc-
tober 15, 1886, "did sell to one Michael O'Marra intoxicating
liquor." Trial in the Superior Court, before *Bacon,* J., who
allowed a bill of exceptions, in substance as follows:

Michael O'Marra testified for the government that he was
eleven years of age in October last, and then lived at Newton,
with his father, mother, and grown-up sister, in the father's
house; that on said day his father gave him fifty cents, and in-
structed him to get six bottles of ale from the defendant, who
had been in the habit, from time to time, of passing by the house
driving a beer wagon; that he took the money, and afterwards
met the defendant with the beer wagon in the public street, in
front of the house; that the defendant said to him, "What will

you have to-day, Mickey?" and that he replied, "One half-dozen of ale," and gave the defendant the money, and went away, but not to his house; and that, as he was going away, he looked and saw the defendant, or a man who had been with him just before, carrying what he supposed to be the ale towards his father's house.

He further testified, that he did not, during the above transaction, inform the defendant that his father wanted the ale, or that he bought it for his father, or that his father had sent him to get it. And, testifying with reference to other previous transactions, substantially similar, he said that, while he had always procured the liquor for his father at his request and for his use, he had never informed the defendant of the fact.

The sister of the witness testified that the six bottles of ale were brought by the defendant to the house, and that she put them in the cellar for her father, who was away from home at work.

The defendant testified that the delivery was at the house on all occasions, and not to the son; that he had on his wagon at the time of the sale of six bottles, a large number of bottles of ale and beer.

The defendant asked the judge to rule that there was no evidence of a sale to Michael O'Marra, as a minor, or otherwise; that the defendant could not be convicted on the complaint of a sale to O'Marra as a minor; and that there was no sufficient evidence of any sale and delivery to him. The judge refused so to rule, and instructed the jury that, if the boy did not disclose, in any manner, to the defendant, at the time of the alleged sale, that he wanted the ale for his father, in such case the sale might be alleged and would be to the boy, and in that case an allegation of minority was unnecessary.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

C. ALLEN, J. The fact that Michael O'Marra, the alleged purchaser, was a minor, must be disregarded, it not having been averred. When the government wishes to avail itself of the special statutory provisions respecting a sale or delivery of

intoxicating liquors to a minor, the fact of minority must be set forth.

The case as proved, then, was a sale by an unlicensed person under a contract made with Michael. If Michael was the agent of an undisclosed principal, the complaint properly charged the sale as having been made to him; but if he was the agent of a disclosed principal, the complaint should have charged the sale as having been made to the principal. See *Commonwealth* v. *O'Leary*, 143 Mass. 95, and cases cited. The defendant now contends that the instruction to the jury was too limited, and that it authorized a conviction, unless Michael himself disclosed his principal at the time of the alleged sale, without adverting to the consideration that his agency for his father might have been well understood from a previous course of dealing, or otherwise. This distinction, however, was not taken at the trial, but the court was asked to rule that there was no evidence of a sale to Michael, or at any rate no sufficient evidence of a sale and delivery to him. The instruction actually given may properly be considered with reference to the requests made; and, if regarded in this manner, may fairly be understood to mean that, if Michael's father was not in any manner disclosed or known at the time as the principal in the transaction, then the charge of a sale to Michael was supported by the evidence. If the defendant had wished to take the distinction upon which he now relies, he should have called attention to it at the trial. The language used by the court was quite similar to that used in *Commonwealth* v. *Gormley*, 133 Mass. 580.

The evidence was sufficient to warrant a verdict of guilty, provided Michael was acting for an undisclosed principal.

*Exceptions overruled.*