COMMONWEALTH *vs.* HENRY H. OAKES & others.

Middlesex.    January 27, 1890. — February 25, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Cross-examination — Exceptions — Appeal — Record —*
*Arrest of Judgment.*

At the trial of a complaint for keeping intoxicating liquors for unlawful sale, there
was evidence tending to show that they were so kept to be sold over a public
bar; and after the defendant had described the structure in question, the ques-
tion was allowed to be put to him on cross-examination, against his objection,
"Did you keep a bar ? " and he replied in the negative. *Held,* that the defend-
ant had no ground of exception.

On an appeal from a district court in a criminal case, the record showed that the
defendant was brought before that court by virtue of a warrant to answer to a
complaint which was set forth, and that he pleaded thereto, and, after trial and
conviction, appealed. *Held,* that it was too late, after trial and a verdict of
guilty in the appellate court, to object that a copy of the warrant was omitted
from the record.

COMPLAINT to the Second District Court of Eastern Mid-
dlesex against the first named defendant and others for keeping
intoxicating liquors for unlawful sale.  At the trial in the Su-
perior Court, on appeal, before *Sherman,* J., the jury returned a
verdict of guilty against all the defendants; and the defendants
alleged exceptions, which appear in the opinion.

*H. N. Allin,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second
Assistant Attorney General, for the Commonwealth.

W. ALLEN, J.   The evidence tended to show that the defend-
ants kept intoxicating liquors for sale in the inn of the defendant
Oakes, who was licensed as an innholder, and who had a license
of the first class for the sale of intoxicating liquors at his inn.
To prove that the liquor was illegally kept by the defendants,
the government relied upon evidence which tended to show that
it was kept by them to be sold over a public bar maintained by
them in the inn.   Oakes was a witness for the defendants, and
testified in chief to the location, size, and shape of the struc-
ture which the government contended constituted a bar, and
to the uses and purposes for which it was kept.   On cross-

examination, the question, " Did you keep a bar? " was allowed to be put to him against the objection of the defendants. He answered the question in the negative. If the question was objectionable, which we do not decide, the answer was favorable to the defendants, and it does not appear that they were in any way prejudiced by the question.

The defendants cannot avail themselves in arrest of judgment of the fact that a copy of the warrant was not sent up by the district court. The record showed that they were brought before the district court by virtue of a warrant to answer to a complaint which is set forth, and that they pleaded thereto, and were tried and convicted, and appealed. If they could have objected at any time that a copy of the warrant was omitted, it was too late to do so after trial and verdict in the appellate court. *Commonwealth* v. *Henry,* 7 Cush. 512. *Commonwealth* v. *Gregory,* 7 Gray, 498. *Commonwealth* v. *Thompson,* 2 Allen, 507. *Commonwealth* v. *Intoxicating Liquors,* 97 Mass. 600. *Commonwealth* v. *Burke,* 121 Mass. 39. *Commonwealth* v. *Hart,* 123 Mass. 416. *Commonwealth* v. *Wait,* 131 Mass. 417.

*Exceptions overruled.*