## COMMONWEALTH *vs.* WALTER F. MURPHY.

Suffolk.   November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Complaint and Warrant — Statute — Formal Defects.*

Under the Pub. Sts. c. 100, § 9, cl. 4, a complaint charging a sale of intoxicating liquor to a minor is good, without averring a delivery of the liquor to him, or any averment to show whether the sale was for his own use or that of his parent, or of some other person.

The fact that intoxicating liquor was procured to be used in evidence will not prevent a conviction under the Pub. Sts. c. 100, § 9, cl. 4; the prohibition of the statute includes sales for other uses than as a beverage.

Where the record in a criminal case recited that the defendant was brought before a district court by virtue of a warrant in due form of law, and no objection was made in the district court to the form of the warrant, none is open on appeal in the Superior Court, and an omission to send up a copy of the warrant is immaterial.

COMPLAINT to the East Boston District Court, charging the defendant with selling intoxicating liquor to a minor.   The only paper transmitted to the Superior Court, on appeal, set forth that at a session of the District Court for the transaction of criminal business, on May 18, 1891, the defendant, "Walter F. Murphy, of said Boston, trader, is brought before said court by virtue of a warrant in due form of law, issued by said court, under its seal, on the fifteenth day of May in the year of our Lord one thousand eight hundred and ninety-one, to answer to the Commonwealth of Massachusetts on the complaint under oath of Benjamin Varney, of said Boston, police officer, setting forth that he, the said Murphy, on the fourteenth day of May in the year of our Lord one thousand eight hundred and ninety-one, at Boston aforesaid, and within the judicial district of said court, unlawfully did sell intoxicating liquors to a minor, to wit, Mary E. Woollard, the said Murphy not having then and there any license, authority, or appointment according to law to make such sale"; and that the defendant was tried, found guilty, and sentenced, and duly appealed to the Superior Court.

In the Superior Court, before the jury were impanelled, the defendant moved to quash the complaint, " for the reason that

there is no offence set forth against the law, in that it does not follow the language of the statute, nor set forth a delivery to the minor, or that it was sold for any use mentioned under the statute." *Dunbar*, J. overruled the motion, and the defendant excepted. Thereupon the defendant moved to dismiss, " for the reason that the warrant in this case has not been sent to or filed in this court, the case being an appealed case from the East Boston District Court," and for want of jurisdiction on that account. The judge overruled this motion also, and the defendant excepted.

The defendant was then tried, and the evidence was that Mary E. Woollard, a girl of fourteen years, by an arrangement between her father and one Varney, a policeman, went to the drug store of the defendant, who held a license in the usual form, and bought and paid for a pint of whiskey, and left the store with it; that she was sent to the store for the purpose of getting the whiskey for use as evidence in a case against the defendant, if the defendant let her have it; that Varney waited for the girl to come out of the store of the defendant, and immediately upon her coming out took the whiskey from her; and that neither Varney, the father, the minor, nor anybody else, used the liquor, and it was in court as evidence.

The defendant asked the judge to rule, (1) that, upon the whole evidence in the case, the defendant should be acquitted; (2) that if the witness Mary Woollard was sent by her father on an errand to the store of the defendant, and furnished money to get whiskey, and under such directions she got the whiskey and paid for it, having no other interest in the transaction, this would not be, as alleged, a sale to Mary Woollard, whether the defendant had a license or not; (3) that if the liquor was not for the use of the minor, nor for her parent's use, nor for the use of any other person, the defendant could not be convicted; and (4) that if the liquor was got by the minor only for the purpose of using as evidence for the Commonwealth, the defendant should not be convicted. The judge declined so to rule, and the defendant excepted.

The judge instructed the jury, that the only question for their decision was whether the defendant made a sale of the liquor to the witness Mary Woollard, a minor; that if it was sold to her

by the defendant, and she was a minor, the offence set forth in the complaint was established, regardless of the use which was to be made of it; and that, if this was not proved beyond a reasonable doubt, the defendant was entitled to an acquittal.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. J. Casey*, for the defendant.

*A. E. Pillsbury*, Attorney General, & *G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

ALLEN, J.   By the Pub. Sts. c. 100, § 9, cl. 4, it is provided that no sale or delivery of liquor shall be made on the premises described in the license to a minor, either for his own use, the use of his parent, or of any other person.   Under this clause, a complaint charging a sale to a minor is good, without averring a delivery of the liquor to such minor, and without any averment to show whether the sale was for the minor's own use, or for the use of his parent, or of some other person.   *Commonwealth* v. *O'Leary*, 143 Mass. 95.   *Commonwealth* v. *Fowler*, 145 Mass. 398.

The instructions requested were properly refused.   The fact that the liquor was procured for the purpose of being used in evidence was immaterial.   The prohibition of the statute is broad and general, and includes sales for other uses besides use as a beverage.

The omission to send up a copy of the warrant is immaterial. The record recites that the defendant was brought before the district court by virtue of a warrant in due form of law.   No objection was made in the district court to the form of the warrant; and none was open in the Superior Court on the appeal. Pub. Sts. c. 214, § 25.   *Commonwealth* v. *Henry*, 7 Cush. 512. *Commonwealth* v. *Burke*, 121 Mass. 39.   *Commonwealth* v. *Hart*, 123 Mass. 416.   *Commonwealth* v. *Wait*, 131 Mass. 417.   *Commonwealth* v. *Lynn*, 154 Mass. 405.

*Exceptions overruled.*