COMMONWEALTH *vs.* T. FRANCIS GORMAN.

Worcester.    September 24, 1934. — November 2, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Arrest. Police. Jurisdiction. Motor Vehicle,* Operation. *Intoxicating Liquor. Pleading, Criminal,* Complaint.

State police officers have the power throughout the Commonwealth to arrest without a warrant in cases in which such arrests are permitted by law.

The act of operating a motor vehicle upon a way while under the influence of intoxicating liquor is an offence involving a breach of the peace and justifies a State police officer in arresting without a warrant a person whom he sees in the act of committing that offence.

Section 21 of G. L. (Ter. Ed.) c. 90 does not by implication limit the common law authority of an officer to arrest without a warrant.

Where a defendant is physically before the court upon a complaint or indictment, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of his original arrest has no bearing upon whether he should be convicted and sentenced, even though the question of such invalidity was seasonably raised by him.

The return of "a statement of his doings," which is required by G. L. (Ter. Ed.) c. 218, § 34, to be indorsed upon a complaint by an officer making an arrest without a warrant, is not essential to the validity of the complaint, but relates only to the service or the means by which the defendant is brought before the court; and, where the defendant comes physically before the court for trial, an omission to make such return of the arrest avails him not.

COMPLAINT, received and sworn to in the Central District Court of Worcester on November 20, 1933.

On appeal to the Superior Court, the complaint was tried before *Buttrick*, J., a judge of a district court sitting in the Superior Court under statutory authority. Material facts and rulings made by the judge are described in the opinion. The defendant was found guilty. The judge reported the case for determination by this court.

*G. H. Yagjian*, (*F. W. Cronin* with him,) for the defendant.

*E. G. Norman*, District Attorney, for the Commonwealth.

LUMMUS, J. The defendant, having in his possession a license to operate motor vehicles, was arrested without a warrant by a State police officer, who found the defendant in the act of operating a motor vehicle upon a way while under the influence of intoxicating liquor. G. L. (Ter. Ed.) c. 90, § 24. St. 1932, c. 26. After being committed to the lockup, the defendant gave bail for his appearance before the District Court. The recognizance, we assume, conformed to G. L. (Ter. Ed.) c. 276, § 65. After complaint against the defendant had been made to the District Court, the arresting officer failed to "endorse upon the complaint a statement of his doings," as required by G. L. (Ter. Ed.)

c. 218, § 34. No warrant was issued, an arrest on which might have validated the continuance of a custody invalid before. *Kelly* v. *Griffin,* 241 U. S. 6. *Stallings* v. *Splain,* 253 U. S. 339, 343.

In the District Court, before pleading to the merits of the complaint, the defendant made a motion to quash the complaint and also filed a "plea to the ·jurisdiction," based on the alleged unlawfulness of the arrest and of "the procedure in bringing him before the court." These were overruled, and the defendant was convicted. On appeal to the Superior Court, he renewed the motion and the plea. These were again overruled, and after trial a verdict of guilty was returned. A fine was imposed (see *Commonwealth* v. *McCan,* 277 Mass. 199, 200; *Commonwealth* v. *Boston & Maine Transportation Co.* 282 Mass. 345, 346; compare *Commonwealth* v. *Baldi,* 250 Mass. 528, 537), the execution of the sentence was suspended, and the judge reported the questions which the defendant sought to raise by the motion and the plea, namely, whether the arrest was unlawful and whether any illegality in the arrest and in the failure to indorse a return upon the complaint entitled the defendant to be discharged instead of being tried and convicted.

The defendant contended that the right of an officer to arrest without a warrant for an offence relating to the operation or control of motor vehicles is limited by G. L. (Ter. Ed.) c. 90, § 21, to the arrest of an operator who does not have in his possession a license to operate motor vehicles; and that only an investigator or examiner appointed by the registrar of motor vehicles may arrest without a warrant, for the offence of operating a motor vehicle while under the influence of intoxicating liquor, one who possesses such a license.

We think, however, that the statute relied on does not by implication cut down the common law authority of an officer. State police officers have throughout the Commonwealth "all the powers of constables, except the service of civil process, and of police officers and watchmen." G. L. (Ter. Ed.) c. 22, § 9A. Constables have common

law power as peace officers to make arrests without warrants in cases in which such arrests are permitted by law. *Hartley v. Granville*, 216 Mass. 38. *Commonwealth* v. *Hastings*, 9 Met. 259. In *Sharrock* v. *Hannemer*, Cro. Eliz. 375, 376, Beaumond [Beaumont], J., said, "A constable and sheriff are conservators of the peace at the common law."

The offence of operating a motor vehicle while under the influence of intoxicating liquor is classified by our statute as a misdemeanor. G. L. (Ter. Ed.) c. 274, § 1; c. 90, § 24. St. 1932, c. 26. For the common law, see *Commonwealth* v. *Carey*, 12 Cush. 246, 252; *Jones* v. *Robbins*, 8 Gray, 329, 347–350; *Kurtz* v. *Moffitt*, 115 U. S. 487, 499. A peace officer, in the absence of statute (*Commonwealth* v. *Wright*, 158 Mass. 149, 159;· *Creeden* v. *Boston & Maine Railroad*, 193 Mass. 280), may arrest without a warrant for a misdemeanor which (1) involves a breach of the peace, (2) is committed in the presence or view of the officer (*Commonwealth* v. *McLaughlin*, 12 Cush. 615; *McLennon* v. *Richardson*,. 15 Gray, 74; *Commonwealth* v. *Ruggles*, 6 Allen, 588, 590; *Carroll* v. *United States*, 267 U. S. 132, 156, 157), and (3) is still continuing at the time of the arrest or only interrupted, so that the offence and the arrest form parts of one transaction. *Commonwealth* v. *Hastings*, 9 Met. 259, 263. *Leddy* v. *Crossman*, 108 Mass. 237. *Scott* v. *Eldridge*, 154 Mass. 25. *Eldredge* v. *Mitchell*, 214 Mass. 480, 483. *Price* v. *Seeley*, 10 Cl. & Fin. 28. *Regina* v. *Light*, 7 Cox C. C. 389. See also Am. Law Inst. Restatement: Torts, §§ 119, 121, 140, 141. In *Regina* v. *Tooley*, 2 Ld. Raym. 1296, 1301; *S. C.* 11 Mod. 242, 250, Lord Chief Justice Holt states the rule as follows: A "constable cannot arrest but where he sees an actual breach of the peace; and if the affray be over, . . . he cannot arrest." In the same case, reported in Holt, 485, 490, *sub nomine Case of the Reforming Constables*, his statement reads, "A constable may arrest a man that breaks the peace in his view, but if it be done out of his view, he cannot." In the present case the only point upon which there can be doubt as to the right to arrest without a warrant, is· whether the offence involves a breach of the peace.

The breach of the peace that justifies arrest for a misdemeanor without a warrant must be something more than that which used to be alleged in indictments and complaints as a legal incident of every criminal offence. See G. L. (Ter. Ed.) c. 277, § 33. Not every misdemeanor involves a breach of the peace. For example, the possession of short lobsters involves none. *Commonwealth* v. *Wright*, 158 Mass. 149, 159. Voluntary drunkenness in private, though a crime (*Commonwealth* v. *Conlin*, 184 Mass. 195), is not of itself a breach of the peace. *Commonwealth* v. *O'Connor*, 7 Allen, 583. Compare statutory rights of arrest for drunkenness, G. L. (Ter. Ed.) c. 272, § 44; *Commonwealth* v. *Cheney*, 141 Mass. 102; *Trebeck* v. *Croudace*, [1918] 1 K. B. 158. On the other hand, an affray or assault is a typical breach of the peace. *Commonwealth* v. *Tobin*, 108 Mass. 426, 429. *Leddy* v. *Crossman*, 108 Mass. 237. In *Ford* v. *Breen*, 173 Mass. 52, violent, profane and obscene language used in a dwelling to the annoyance of persons outside was deemed a breach of the peace. See also *Commonwealth* v. *Foley*, 99 Mass. 497; *Commonwealth* v. *Oaks*, 113 Mass. 8. This case does not require us to draw the line among conflicting decisions in other jurisdictions for the purpose of classifying offences as involving a breach of the peace, or not. It is worth notice, however, that in *United States* v. *Hart*, Pet. C. C. 390, Washington, J., held that driving a carriage at an immoderate rate of speed through a principal street was a breach of the peace, justifying an arrest by a constable without a warrant.

If there is a present criminal offence (*Quinn* v. *Heisel*, 40 Mich. 576), the breach of the peace that justifies arrest without a warrant may be a prospective or anticipated one. An officer, who sees a person committing a misdemeanor of such a sort that a breach of the peace is likely to follow unless the offender be restrained, need not delay an arrest until the harm has been done, nor limit his acts of restraint or detention to those which may be necessary merely to prevent the expected breach. *Commonwealth* v. *Hastings*, 9 Met. 259, 263. We think that the *dictum* of Banks, L.J., in *Trebeck* v.

*Croudace,* [1918] 1 K. B. 158, 166, states the common law. He said, "From the very nature of things the arrest of a drunken person in the street may very frequently be justified on the ground of an anticipated breach of the peace, and particularly so when the alleged offender is in charge either of a loaded gun, or of a motor vehicle, both very dangerous instruments from the point of view of the public safety when in the hands of a drunken person." The only difference between the case so stated and the present case is that the charge against the present defendant was not that he was intoxicated or in a drunken condition, but merely that he was under the influence of intoxicating liquor. *Commonwealth* v. *Lyseth,* 250 Mass. 555, 558. *State* v. *Rodgers,* 91 N. J. L. 212, 215. But even that milder degree of alcoholic effect is likely to make an operator of a motor vehicle a public menace, and to induce in him such reckless conduct as may make him criminally responsible for unintended assault and even manslaughter. *Banks* v. *Braman,* 188 Mass. 367, 369. *Commonwealth* v. *Arone,* 265 Mass. 128. In our opinion, the offence involves a breach of the peace, and justifies an officer in arresting without a warrant a person whom he sees in the act of committing it.

Because of its public importance, we have dealt with the lawfulness of the arrest. But there is another answer.

Mr. Justice Holmes said, in *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346, 353, "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure." In criminal cases, an arrest, upon a warrant or without a warrant, is the usual means of bringing defendants before the court, and the alternative method of summons in minor cases is comparatively new. St. 1881, c. 127, § 1. G. L. (Ter. Ed.) c. 276, § 24. In the eighteenth century, civil actions were regularly begun, in practice if not in theory, by arrest upon a *capias* writ. 9 Holdsworth, Hist. Eng. Law, 250 *et seq.* In carefully restricted form this practice still survives. G. L. (Ter. Ed.) cc. 224, 226. When the court has jurisdiction over the case, and the defendant is physically

before the court to answer to the plaintiff, a possible view is that the unlawfulness of the arrest that brought the defendant there is immaterial in that case, and that the court will proceed to try the merits, leaving the defendant to the remedy of an action against the arresting officer. This view has been taken in some jurisdictions even in civil cases. *More* v. *Earl Rivers*, Style, 222. *O'Keefe* v. *Delaney*, 31 New Brun. 299, 303. *McNab* v. *Bennett*, 66 Ill. 157, 161. Compare, however, *Willington* v. *Stearns*, 1 Pick. 497; *Ilsley* v. *Nichols*, 12 Pick. 270, 275 *et seq.*; *Baker* v. *Copeland*, 140 Mass. 342. This view is not necessarily inconsistent with the doctrine that an arrest or other service obtained through the act of the plaintiff in bringing the defendant into the State by force or fraud will not give the court jurisdiction over him, the reason given being that the plaintiff will not be allowed to take advantage of his own wrong. *In re Johnson*, 167 U. S. 120, 126. *Taylor, petitioner*, 29 R. I. 129. See also *Paine* v. *Kelley*, 197 Mass. 22; *Diamond* v. *Earle*, 217 Mass. 499; *Lamb* v. *Schmitt*, 285 U. S. 222.

Even though the view just stated be not taken in civil cases, it may nevertheless be adopted in criminal cases. The latter concern directly the public peace and order, and are prosecuted by the Commonwealth, to which the wrongdoing of its officers cannot be attributed. It is true that earlier cases in this court are not fully decisive, for in them the defendant had waived the point by pleading to the merits and going to trial, instead of saving the point by a plea such as was filed in the present case. *Commonwealth* v. *Oakes*, 151 Mass. 59, 60, and cases cited. *Commonwealth* v. *Murphy*, 155 Mass. 284, 286. *Commonwealth* v. *Tay*, 170 Mass. 192. *Commonwealth* v. *Conlin*, 184 Mass. 195. *Flito's Case*, 210 Mass. 33. See also *Ford* v. *United States*, 273 U. S. 593, 606; *State* v. *Rosenblum*, 102 N. J. L. 125; *State* v. *Baker*, 102 N. J. L. 349; 56 Am. L. R. 260. But it is intimated in *Commonwealth* v. *Wait*, 131 Mass. 417, 419, *Commonwealth* v. *Wright*, 158 Mass. 149, 155, and *Commonwealth* v. *Tay*, 170 Mass. 192, and we think it is the law, that where a defendant is physically before the court upon a complaint or indictment,

either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of his original arrest is immaterial, even though seasonably raised. 2 Hawk. P. C. c. 27, § 102. Stark. Crim. Pl. (2d ed.) 297. Hawkins, J., in *Regina* v. *Hughes,* 4 Q. B. D. 614, 625 *et seq. People* v. *Eberspacher,* 79 Hun, 410. *People* v. *Snell,* 216 N. Y. 527. Compare *Albrecht* v. *United States,* 273 U. S. 1, 8–11. It has even been held that a defendant brought within the jurisdiction by unlawful force or fraud may be tried for crime. *Pettibone* v. *Nichols,* 203 U. S. 192. 18 Am. L. R. 509. See also *Commonwealth* v. *Wright,* 158 Mass. 149; *Lascelles* v. *Georgia,* 148 U. S. 537; *Morse* v. *United States,* 267 U. S. 80.

In reaching this result we have not relied upon any condition in the recognizance requiring the defendant to appear and abide the sentence. See *Brown* v. *Getchell,* 11 Mass. 11; *Baker* v. *Copeland,* 140 Mass. 342; *Lane* v. *Holman,* 145 Mass. 221, 223; *Everett* v. *Henderson,* 146 Mass. 89; *Simmons* v. *Richards,* 171 Mass. 281; *Washington National Bank* v. *Williams,* 188 Mass. 103, 106; *Mann* v. *Cook,* 195 Mass. 440; *People* v. *Shaver,* 4 Parker Cr. Rep. 45; *Sedgewick* v. *Houston,* 9 Houst. 113; *Dickinson* v. *Farwell,* 71 N. H. 213; *Albrecht* v. *United States,* 273 U. S. 1, 9.

The return which should be indorsed upon the complaint in the case of an arrest without a warrant (G. L. [Ter. Ed.] c. 218, § 34) is not essential to the validity of the complaint. It relates only to the service, or means by which the defendant is brought before the court. Where, as in this case, the defendant is physically before the court for trial, an omission to make return of the arrest avails him no more than illegality in the arrest itself.

*Verdict to stand.*