113 So.2d 708 (1959)
Earl W. CAMPBELL, Petitioner,
v.
COUNTY OF DADE, State of Florida, Respondent.
No. 59-243.
District Court of Appeal of Florida. Third District.
June 23, 1959.
Rehearing Denied August 11, 1959.
*709 Methfessel & Freedman, Miami, for petitioner.
Richard E. Gerstein, State Atty., and Glenn C. Mincer, Asst. State Atty., Miami, for respondent.
HORTON, Judge.
The petition for writ of certiorari seeks review of the decision of the Circuit Court of Dade County, Florida, affirming a judgment of conviction of the petitioner by the Dade County Metropolitan Court for the offenses of driving while intoxicated and careless driving. The respondent heretofore moved to dismiss the petition on jurisdictional grounds and, in particular, upon an opinion rendered by this court in the case of State v. Katz, Fla.App. 1959, 108 So.2d 60. This court deferred ruling on said motion until argument was heard on the petition for writ of certiorari. The matter has now been heard upon the petition for writ of certiorari, and the court concludes that the motion to dismiss should be and it is hereby denied.
We have entertained jurisdiction to review the questions involved here primarily by reason of the apparent conflict in decisions rendered by the circuit court in the Eleventh Judicial Circuit,[1] and by reason of great public interest inherent in said questions.
At the petitioner's trial in the Metropolitan Court on the charges aforesaid, it was stipulated by the parties that the petitioner was arrested for certain violations of municipal ordinances by a police officer without a warrant, and that the offenses were not committed in the presence of the arresting officer. The charges which resulted in the petitioner's conviction were contained in what is known as a docket entry, an instrument similar to, and serving the purposes of, an indictment or information. This docket entry was apparently prepared after the petitioner's arrest, and no process was issued based upon the charges contained in said docket entry or as a result thereof.
The petitioner appeared before the Metropolitan Court in answer to the charges contained in the docket entry, and moved to quash the charges (referred to by petitioner as affidavit and information) and to vacate the arrest on the ground that it was made without a warrant for violation of a county ordinance committed outside the presence of the arresting officer, and that the arrest, therefore, was unlawful. The motion was denied, a plea of not guilty thereafter entered, and testimony taken, resulting in an adjudication of guilt by a judge of the Metropolitan Court. The judgment and sentence were appealed to the Circuit Court of Dade County, Eleventh Judicial Circuit, and were affirmed.
The petitioner contends that the arrest was illegal, in violation of § 901.15, Fla. *710 Stat., F.S.A., and that such illegal arrest did not confer jurisdiction upon the trial court to try the issue upon a docket entry where the alleged invalidity of the arrest was timely raised by motion to quash.
Since the parties at trial stipulated that the petitioner was arrested without a warrant, and when the act had not been committed within the presence of the arresting officer, we deem it necessary to set out the provisions of § 901.15, supra, as follows:
"901.15 When arrest by officer without a warrant is lawful.

"A peace officer may without warrant arrest a person:
"(1) When the person to be arrested has committed a felony or misdemeanor or violation of a municipal ordinance in his presence. In the case of such arrest for a misdemeanor or violation of a municipal ordinance, the arrest shall be made immediately or on fresh pursuit.
"(2) When a felony has in fact been committed, and he has reasonable ground to believe that the person to be arrested has committed it.
"(3) When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it.
"(4) When a warrant has been issued charging any criminal offense and has been placed in the hands of any peace officer for execution."
Obviously, the arrest in this instance could not be justified under paragraphs 2, 3, or 4; nor could it be justified under that provision of paragraph 1 of a misdemeanor committed in the presence of the peace officer. There is no contention that the arrest upon the charges contained in the docket entry was made "immediately or on fresh pursuit" for it appears that the arrest took place some two hours after the alleged offenses had occurred.
The legislature has seen fit to differentiate between the arrest of persons for misdemeanors or violations of municipal ordinances and their arrest for felonies, for in the case of the former it is provided that such act must occur in the presence of the arresting officer, while in the other, because of the serious nature of acts constituting felonies, a peace officer has the power of arrest for such acts where he has probable cause.
How the petitioner's presence before the Metropolitan Court was secured is not disclosed by the record before us, but it is undisputed that his presence was not occasioned by the issuance and service of a capias based upon the charges contained in the docket entry, or by a warrant for arrest in the first instance. However, since he did appear before the trial court in response to the charges contained in the docket entry, we conclude, as did the circuit court in its appellate review of this cause, that the alleged illegality of the arrest did not affect the jurisdiction of the trial court to hear and determine the charges. See Wright v. Worth, 83 Fla. 204, 91 So. 87, 89. Consequently, the affirmance by the circuit court of the judgment of conviction and sentence was not a departure from the essential requirements of the law, but on the contrary, is supported not only by the numerical weight of authority throughout the country, but by sound logic and reason. See Commonwealth v. Gorman, 288 Mass. 294, 192 N.E. 618, 96 A.L.R. 977. However, as we said at the outset, this court has entertained the petition solely on the basis of two conditions: (1) that there appeared to be a conflict in decisions of the Circuit Court of the Eleventh Judicial Circuit involving this same question, and (2) that the matter is one of great public interest.
As to the first condition, we have concluded that the better rule, supported *711 by the majority view, is as enunciated by the able circuit judge in his opinion in this cause.[2] We feel constrained, however, to comment upon the second condition, although it was unnecessary for the circuit court, sitting as an appellate court, to determine the legality or illegality of the arrest. If the petitioner was of the view that his arrest was illegal, and no capias or warrant had been issued upon the charges contained in the docket entry, then there was no burden or duty upon him to appear in response to said charges until legal process had been served upon him. To hold otherwise would be to impart to the docket entry a dignity greater than that accorded an indictment of information. The fact that the petitioner came into the trial court without having a capias issued, or some process served upon him, would not affect the jurisdiction of that court to try him for the offenses admittedly within its jurisdiction. See 9 Fla. Jur., Criminal Law, § 95. An arrest warrant is the legal process by which jurisdiction is obtained over the person in a criminal proceeding. See 3 Fla.Jur., Arrest, § 9.
Since the legislature of Florida has seen fit to set out, with particularity, the circumstances under which a peace officer can make a lawful arrest without a warrant, it is not for us to say that the same peace officer, enforcing traffic ordinances of a municipality or metropolitan government can, by reason of such fact, acquire a greater authority to arrest than that conferred by statute. If such authority is necessary or desired for adequate enforcement of municipal or metropolitan ordinances, then the remedy lies within the realm of legislative rather than judicial action.
We do not intend by anything said herein to recede from the principles enunciated by this court in State v. Katz, supra, as it pertains to the review by certiorari of judgments and opinions of the circuit court in the exercise of its final appellate jurisdiction.
Accordingly, the petition for writ of certiorari is denied.
CARROLL, CHAS., C.J., and PEARSON, J., concur.
NOTES
[1] West v. City of Miami, Criminal Appeal No. 4283; Swords v. City of Miami, Criminal Appeal No. 4343; McKinze v. City of Miami, Criminal Appeal No. 4538; Newton v. City of Miami, Criminal Appeal No. 4653, 13 Fla. Supp. 172.
[2] "* * * The overwhelming weight of authority holds, and it is the opinion of this court, that if the defendant is physically present before the trial court on a valid charge by docket entry, warrant, information or indictment, the validity of the original arrest is immaterial, even though timely raised, so far as it regards the jurisdiction of the court to proceed with the case. * * *"