HORTON, Chief Judge.
The petitioner seeks review by certio-rari of a judgment of the Circuit Court of Dade County, affirming the judgment of conviction and sentence of the petitioner by the Metropolitan Court of Dade County.
Petitioner was allegedly arrested without a warrant by a police officer of Metropolitan Dade County and charged with a violation of a traffic ordinance of Dade County. The alleged violation admittedly was not committed in the presence of the arresting police officer.
After two continuances, one by the petitioner and the other by the respondent, the petitioner filed a written motion to suppress evidence on the sole ground that he had been illegally arrested. The respondent noticed the motion to suppress for hearing before the Metropolitan Court at the same time and place as the trial of said cause had been scheduled. At the hearing on the motion to suppress, the Metropolitan Court denied the motion, relying upon the opinion of this court in Campbell v. Dade County, Fla.App.1959, 113 So.2d 708, and particularly the fact that the petitioner was physically present in the courtroom. The record of the proceedings transmitted to this court discloses the presence of the petitioner in the Metropolitan Court at the time of the hearing on the motion to suppress. An oral motion to quash the summons and charges was also made and denied after which the petitioner stood mute. The court entered a plea of not guilty for the petitioner, heard the evidence on the charge, adjudged him guilty and imposed a fine. Upon appeal, the Circuit Court of Dade County affirmed the judgment of conviction and sentence and in so doing, observed that although petitioner’s arrest was invalid, nevertheless he had thereafter submitted himself to the jurisdiction of the court. The circuit court further pointed out the misapplication of the Campbell case by the Metropolitan Court as a basis for a denial of the petitioner’s motion to suppress, but concluded that since no objection had been made during the course of the trial to any objectionable evidence, the matter was not preserved for appellate review.
 The petitioner here contends first that he was not physically present before the trial court and second, that this court should overrule its decision in the Campbell case. Neither of these grounds is sufficient to warrant a review by this court of the appellate judgment of the circuit court. Nowhere has it been made to appear that the circuit court departed from the essential requirements of law or acted without jurisdiction. In substance, the petitioner complains that the trial judge should have granted his motion to suppress because of the invalidity of his arrest. If there had been any evidence obtained as a result of the illegal arrest (none has been pointed out in this record) certainly it would have been subject to suppression, but the suppression of such evidence would not have, nor could it have, decided the jurisdiction of the court to hear and determine the charges. See Campbell v. Dade County, supra. Likewise, the motion to quash the charges could not properly raise the issue of the *387 validity of the petitioner’s arrest for whether the charges were subject to quashal would not depend upon the validity or invalidity of the petitioner’s arrest. See Albrecht v. United States, 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505.
Concluding as we have that certiorari does not lie to review the judgment complained of, it follows that the petition should be and is hereby denied.
PEARSON and CARROLL, CHAS., JJT., concur.