## STATE v. CHAPMAN.
### No. 5302.

Circuit Court, Dade County, Criminal Appeal.
April 9, 1963.

Philip J. Mandina of Bolles & Prunty, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Odell, Ass't. State Attorney, for appellee.

HAROLD R. VANN, Circuit Judge.

This matter came on to be heard before me upon the appeal of Clarence E. Chapman from his conviction in the metropolitan court for a traffic violation. He was charged with violating section 30-15(a) of the Code of Metropolitan Dade County, which provides —

### Sec. 30-15. Driving While Intoxicated.

"(a) It is unlawful for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this county."

The appellant raised the following points on appeal —

*Point 1. Adjudication by justice of the peace that arrest was invalid is res judicata in subsequent action in metropolitan court.*

162

*Point 2. Defendant entitled to quashal of arrest made in contravention of Florida statutes.*

*Point 3. Where defendant could not be adequately apprised of his constitutional rights it was error to allow drunkometer expert to testify as to questions asked of defendant and answers elicited.*

The court is of the opinion that the ruling of the justice of the peace is not binding upon the Dade metropolitan court nor is said ruling res judicata upon the issue of the legality of the arrest. Second, the trial court did not commit any error in denying the appellant's motion to quash and dismiss the charges, for a motion to quash does not raise the issue of the validity of the defendant's arrest. Jones v. State of Florida, County of Dade (Fla. App. 3rd 1961), 123 So.2d 385. On the third point, an examination of the record shows that there was no timely objection to the questioned testimony.

The trial court did not commit reversible error on any of its rulings questioned upon appeal. Therefore, it is considered, ordered and adjudged that the conviction appealed from must be affirmed.