## STATE v. COFFMAN.

No. 73-66 AP(F).

Circuit Court, Palm Beach County, Criminal Appeal.

August 21, 1973.

Daniel T. K. Hurley, Assistant State Attorney, and Alexander E. Prins, both of Palm Beach County, for the appellant.

Donald P. Kohl, West Palm Beach, for the appellee.

RUSSELL H. McINTOSH, Circuit Judge.

The defendant was arrested for speeding on May 3, 1973 by a police officer of the city of Greenacres. On May 21, the case was transferred to the county court, Palm Beach County. On July 6th, 1973 after the state had presented its witnesses the defendant presented a motion to dismiss and it was granted. An appeal from that dismissal was filed on July 17, 1973. That appeal was dismissed on July 30, 1973. This appeal was filed on August 2, 1973.

Appellant and appellee filed briefs and the state indicated it did not intend to file a reply brief. This court dispenses with oral argument pursuant to Fla. App. Rule 3.10(e).

The court adopts the statement of facts in appellant's brief, and the addition stated in appellee's brief, to-wit —

On the morning of May 3, 1973, at approximately 2:20 A.M., Officer Robert Lewis, patrolman for the City of Greenacres was on routine patrol heading east on Lake Worth Road. There was no traffic on the road with the exception of one vehicle which was clocked at 67 miles per hour by a radar unit in Officer Lewis' car. The vehicle was driven by the defendant Richard Coffman. At the time the radar machine clocked the defendant Officer Lewis turned around and started to pursue the defendant's vehicle.

The vehicle made a left hand turn into Lake Worth Village, a mobile home park, outside of the City of Greenacres and approximately two-tenths of a mile from where the vehicle was clocked on radar. Officer Lewis continued following the defendant into the trailer park. While doing so he maintained a speed of 40 miles per hour to keep up with the defendant. The defendant made two turns within the trailer park and then pulled into his own driveway where he was given a ticket.

The defendant was clocked on the radar while he was in the City of Greenacres and the pursuit started in the City of Greenacres. At no time during the pursuit did Officer Lewis turn on his blue lights or siren.

\* \* \* \* \*

Two-tenths of a mile after the alleged clocking by Officer Lewis, the defendant made a left hand turn and exited the City of Greenacres. The officer followed the defendant approximately nine-tenths of a mile — without blue light or siren — and finally stopped the defendant as he departed from his car in his own front yard, at which time the citation was issued.

Apparently, since there was a waiver of jury trial, the trial judge agreed to rule on the pre-trial motion to dismiss filed by the defendant after the state rested its case at trial. The cause came on for trial with the defendant present at trial (Tr. 2), the defendant having previously been arraigned and pleaded not guilty. The state produced testimony of one witness and rested. Thereupon, defendant moved for judgment of acquittal, which was eventually denied (Tr. 25).

Prior to the court's denial of defendant's motion for judgment of acquittal, the court seems to have been primarily concerned about whether a radar operator is competent to testify without some sort of license (Tr. 24). During a recess, or, at least, off the record, the court seems to have satisfied itself that the radar operator was competent to testify, because the court announced —

"We can go back on the record now. I am going to deny your motion and find the defendant guilty. If you move for a new trial, I'm going to grant it****" (Tr. 24-25)

However, the court did not adjudge the defendant to be guilty, but, rather, granted defendant's motion to dismiss on the grounds "there is no jurisdiction to arrest because it was not in fresh pursuit" (Tr. 26). The court entered a written order of dismissal on July 11, 1973. It is from this order that the state appeals.

The state assigned as error (Tr. of R. 7) — "The trial court erred in granting a motion to dismiss in the above captioned case."

The trial court held that the arrest of the defendant was illegal because the municipal police officer arrested him for a misdemeanor outside the municipality of which he was a police officer and was not in fresh pursuit. Both appellant and appellee addressed their briefs to the issue of whether or not the arrest of the defendant was legal. The contention of appellee, adopted by the trial court, as to what constitutes fresh pursuit is interesting but not necessary for a decision in this appeal. Assuming, but not deciding, the arrest was illegal, that fact would not justify a dismissal of the cause. The trial court had jurisdiction of the subject matter of the cause of action (see §20(c)(4), new Art. V, Fla. Const., effective January 1, 1973; Malone v. Meres,109 So. 677) and over the person of the defendant who appeared "in person" at arraignment and trial of the cause (Tr. of R. 2).

### Jurisdiction over person to try after false arrest

"Jurisdiction of the subject matter is fixed by law and cannot be conferred by waiver or consent. But if the court has jurisdiction of the subject matter and the accused is physically before the court upon a complaint or indictment, either because he is held in custody after an arrest, or because he has appeared in person after giving bail, the invalidity of his original arrest is immaterial, even though seasonably raised, as regards the jurisdiction of the court to proceed with the case." 9 Fla. Jur., Crim. Law, §307, p. 585.

"However, since he did appear before the trial court in response to the charges contained in the docket entry we conclude, as did the circuit court in its appellate review of this cause, that the alleged illegality of the arrest did not affect the jurisdiction of the trial court to hear and determine the charges. See Wright v. Worth, 83 Fla. 204, 91 So. 87, 89." Campbell v. County of Dade (3rd Dist.), 113 So.2d 708, 710.

". . . Nowhere has it been made to appear that the circuit court departed from the essential requirements of law or acted without jurisdiction. In substance, the petitioner complains that the trial judge should have granted his motion to suppress because of the invalidity of his arrest. If there had been any evidence obtained as a result of the illegal arrest (none has been pointed out in this record) certainly it would have been subject to suppression, but the suppression of such evidence would not have, nor could it have, decided the jurisdiction of the court to hear and determine the charges. See Campbell v. Dade County, supra." Jones v. State, 123 So.2d 385, 386 (3rd Dist.), cert. denied, 129 So.2d 139.

For a general discussion of the question of *"Unlawfulness of arrest as affecting jurisdiction or power of court to proceed in criminal case"*, see 96 A.L.R. 982. See also, *"Criminal Law: Personal Jurisdiction Obtained by Kidnapping"*, 5 U. Fla. L. Rev. 434, a case comment on Frisby v. Collins, 342 U.S. 509.

In this case the court had jurisdiction to try the defendant on the charge of unlawful speed even if the arrest were illegal.

The trial court stated in its order of dismissal that the facts in the case were undisputed (Tr. of R. 4) and he indicated that they were not only sufficient to state a prima facie case (by denying motion for judgment of acquittal — Tr. 23) but also sufficient for conviction ("I am going to deny your motion and find the defendant guilty". Tr. 24-25).

The trial court was in error in granting defendant's motion to dismiss and must be reversed.

The record in this case is not clear as to whether the trial was completed before the entry of the order dismissing the case. The record shows that the state rested (Tr. 17), there was a discussion between court and counsel (Tr. 18-25) part of which was not recorded (Tr. 24), the court announced "I am going to deny your motion and find the defendant guilty", then the court denied the motion for judgment of acquittal and granted the motion to dismiss (Tr. 25). If the trial was completed and the court meant its pronouncement that it was going to find the defendant guilty to be a verdict of guilty then, then upon reversal there remains but for the court to enter judgment and sentence or to otherwise dispose of the case according to law. If the trial court determines that the defendant had not rested and both sides closed, then the court should grant the defendant a new trial.

For the foregoing reasons the order appealed is reversed and the cause remanded for the trial court to take such action as may be consistent with this order.

The clerk of this court is directed to send a certified copy of this order, which copy shall serve as a mandate, to the clerk of the county court of Palm Beach County, upon the expiration of 15 days from the date of this order; unless a petition for rehearing is filed in this cause, in which event the time for complying with this directive shall be extended until the petition is denied, or, if granted, until the cause has been fully determined.