HOLT, Associate. Justice.
The Legislature of Florida, at its regular session in 1947, enacted, Chapter 24595, Laws of Florida, Acts of 1947, entitled
“AN Act to Remove the Time Limitation on Property Restrictions in the Territory and Area in. Hillsborough. County, Florida,, Described as; All the Territory or Area in Davis Islands in the City of Tampa as the .same is Platted in Plat Book 10, Pages 52, 53, 54, 55, 56 and 57, and Plat Book l7, Page 5, 6, 7, 8, 9 and 13, All of Said Maps or Plats Being Recorded in the Public Records of Hillsborough 'County, Florida, and to Provide' for the Enforcement of This Act in the Name of the Resident of Any Lands in Said Area and Territory by Injunction dr Other Appropriate Remedy.”
The purpose of this Act was to extend by legislative fiat a restriction upon use of appellants’ land , located in Davis Islands, a subdivision of Tampa, Hillsborough County, Florida.
The restriction, which provided for erection of residences and , apartment houses only on the property involved, expired by its own terms on January 1, 1950. It was this private contract between, individuals that the Legislature sought .to give life to, *752 anticipatory to and after its contractual death on the date mentioned.
Appellants purchased (1952) this property with notice of the expired restriction and the enactment of the statute described. Thereafter, he (appellant Griffin) obtained from the City of Tampa a building permit to erect a medical office and clinic on the real estate affected; and a few-days later appellees, 'adjoining owners of homes in the same locality, brought their bill to restrain and enjoin permanently appellants from proceeding with the construction of the doctor’s office.
The learned Chancellor below, after hearing the testimony of all the witnesses, granted the injunction, hence this appeal.
Several interesting and intriguing questions have been advanced and argued, but we refrain from indulging our desire to wander in such legal elysian fields which at times are so inviting, yet contain so many unseen pitfalls that we restrict this opinion to only one point, which when decided eliminates the necessity of disposing of the others.
As stated, we face this query:
“Where private parties in individual defeds of conveyances impose‘restrictions as to the use of the land conveyed to run for a definite period of time, is a legislative act valid where its sole purpose is to remove expiration date and continue the restrictions in force, and thereby impair the obligation of the contract so created?”
It is contended that the statute involved was purely an exercise of the police power of the state, and as such should be upheld. This court , has long recognized such principle, but with the qualification that there must be present a reasonable use of such power and reasonable limitations thereto, else we let the gates down, as advocated here, and the whole field of private contract would be invaded and infected to the extent that security of contract in this respect would be lost and irreparable harm and damage to the legal, constitutional, and economic facets of what we know as the business and financial world of the State and Nation, would inevitably and necessarily follow. See State of Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210; Treigle v. Acme Homestead Ass’n, 297 U.S. 189, 56 S.Ct. 408, 80 L.Ed. 575; Riverbank Imp. Co. v. Chadwick, 228 Mass. 242, 117 N.E. 244, L.R.A.1918B, 55.
What we declared in Miami Shores Village v. Wm. N. Brockway Post No. 124, 156 Fla. 673, 24 So.2d 33, 35 is peculiarly pertinent and applicable here:
“Ordinances such as the one here under consideration are enacted under the general police power, and ‘they must not (1) infringe the constitutional guarantees of the nation or state by (a) invading personal or property rights unnecessarily or unreasonably, (b) denying due process of law, or (c) equal protection of the laws, or (d) impairing the obligations of contracts; (2) must not be inconsistent with the general law of the state, including the. common law, equity and public policy, unless exceptions are permitted; (3) must not discriminate unreasonably, arbitrarily or oppressively, and (4) must not constitute a delegation of legislative or executive or administrative power.’ McQuillin, Municipal Corporations, 2nd Ed., page 119." See also, Hunter v. Green, 142 Fla. 104, 194 So. 379, filed this term.
The contested restriction is without doubt a private contract between private individuals, and its attempted extension by the Legislature can in no wise be related to the reasonable exercise of the police power of the state and is a futile effort to by-pass constitutional prohibitions and re-write the agreement through governmental authority.
The purported Act of revivor impairs the obligation of contract, section 17, Declaration of Rights, Florida Constitution, F.S.A., constitutes a taking of property without due process of law and without just compensation, section 12, Declaration of Rights, Florida Constitution, F.S.A., and article 1, section 10, Constitution of the United States of America.
Reversed.
ROBERTS, C. J., and TERRELL, HOB-SON, MATHEWS and DREW, JJ., concur.