### CITY OF BELLE GLADE v. JACKSON.

Circuit Court, Palm Beach County, Criminal Appeal.

May 2, 1957.

George H. Butler, West Palm Beach, for appellant.

Claude S. Jones, Belle Glade, for appellee.

JAMES R. KNOTT, Circuit Judge.

Jake E. Jackson was tried before the municipal court of the city of Belle Glade, and adjudged guilty of (1) "driving a motor vehicle while under the influence of intoxicating liquor to such an extent that his normal faculties were impaired," and (2) "reckless driving by failure to grant right of way causing an accident," in violation of sections 41 and 42, chapter 24, code of ordinances of the city of Belle Glade. The present proceeding is an appeal from the judgment and subsequent sentence of the municipal court.

The record of the trial before the municipal court shows that Jackson (hereinafter called "defendant") drove a truck into Belle Glade and parked it on a street there during the morning of July 21, 1956. About 1:30 P. M. he returned to the truck, accompanied by a companion, and started the motor. Within a few moments thereafter, either before the truck had moved or just after it had begun to move, a collision occurred between the truck and an automobile driven by an unidentified woman who departed the scene of the accident with her automobile and did not appear at the trial. A witness who heard the crash of the collision notified the police station, and shortly thereafter a police officer arrived on the scene and arrested the defendant, without a warrant. The arresting officer testified that he observed the truck to be "in motion" when he reached the scene, the defendant then being in the driver's seat.

The record further shows that two drunkometer tests given the defendant at the police station following his arrest showed readings, respectively, of .20 and .215, and that in the opinion of the police officers he was "intoxicated." There was no testimony to the effect that he was intoxicated to the extent that his normal faculties were impaired.

Accepting the testimony of the police officers regarding the intoxication of the defendant as correct, although there was evidence

to the contrary, it is possible to assume that the defendant's normal faculties were impaired by the state of his intoxication. It is also easily possible to conclude that they *may not* have been impaired. It is not indicated that the ordinances of the city of Belle Glade provide that the alcoholic reading of a drunkometer test equal to that in the present case should be deemed to constitute prima facie evidence of an impairment of normal faculties. Nor are the courts in this state authorized by law, as are the courts of certain other states, to take judicial notice of the fact that an alcoholic reading in excess of .15, or thereabouts, constitutes evidence of an impairment of a person's normal faculties. Thus, although there is evidence that the defendant was intoxicated, the record is seen to be bereft of any definite, satisfactory or legally sufficient evidence that his normal faculties were thereby impaired. The finding and judgment of the municipal court regarding the first charge therefore cannot be sustained.

With reference to the charge of reckless driving causing an accident, the record shows that the defendant was arrested without a warrant for commission of an offense other than a felony, such offense not having occurred in the presence of the arresting officer. His arrest was therefore not authorized by law, and the motion made at the trial by defendant's counsel to quash the charge should have been granted. See section 901.15, Florida Statutes 1955.

Further, it should be observed that the only testimony in the record regarding the manner in which the accident occurred is that of the defendant and his companion, to the effect that the defendant's truck was struck while still in a parked position at or near the curb, by the automobile in question. The witness who heard the crash of the collision testified that he did not see the impact, and no other witnesses testified regarding the occurrence of the accident, the woman driver of the colliding automobile being conspicuously absent at the time of trial. Evidence justifying a finding of guilt as to the charge of reckless driving was thus wholly lacking.

For the reasons given, the judgment of the lower court must be and the same is hereby reversed, vacated and held for naught and it is ordered that the defendant be discharged. It is further ordered that the appeal bond entered herein by the defendant be discharged.