**STATE v. ROUSSEAU.**
**No. 4633.**

Circuit Court, Dade County, Criminal Appeal.

October 30, 1958.

James Kytle Williams, Miami, for appellant.

Richard E. Gerstein, State Attorney, and Glenn C. Mincer, Ass't. State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The appellant, Ivan Ronald Rousseau, was convicted in the metropolitan court of Dade County (1) of unlawfully driving a vehicle upon a public street in Dade County while under the influence of intoxicating liquor in violation of section 19.01-1 and (2) of unlawfully driving a vehicle in Dade County in such a manner as to indicate a willful or wanton disregard for the safety of persons or property in violation of section 19.03-1 of the Traffic Ordinance of Dade County. He was found guilty and sentenced to imprisonment in the county jail of Dade County for the term of 48 hours and to pay a fine of $150 for the first offense and to pay a fine of $25 for the second. The offenses occurred in the unincorporated area of the county.

He timely filed a plea to the jurisdiction of the court and made a written demand for a jury trial, both of which were denied. He took an appeal from the judgment of conviction of the two charges and assigned as error the ruling of the court on his plea to the jurisdiction and on his demand for a jury trial.

At the outset there was some doubt in the court's mind as to its jurisdiction to hear this appeal, but that was quickly dissipated. A tribunal always has jurisdiction to determine its own jurisdiction, Sun Insurance Co. v. Boyd (Fla.), 105 So. 2d 574; State ex rel. B. F. Goodrich Co. v. Trammell (1939), 140 Fla. 500, 192 So. 175, though few do it adversely. The Home Rule Charter provides in section 6.02 F that—"Appeals will lie to the circuit court of this county from any final judgment [of the metropolitan court]." This is not in conflict with the Florida Appellate Rules.

Turning then to the merits, we take up first the plea to the jurisdiction. The constitution, article VIII, section 11 (1), provides that—"The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body." This the electors did on May 21, 1957. In speaking of this action the Supreme Court, in Dade County v. Young Democratic Club (1958), 104 So. 2d 636, said at page 640—

"It was the people's device for naming their governing officers—the county commissioners. In a democracy like ours, the people are the source of all law. Executives, legislators

and judges exist because it is impractical for the people to perform the functions they are clothed with. Every official act they perform is delegated to them by the people. The people can cut the grass from under their feet at will. It is true that devious, but not impossible, means have been provided for doing this, but after all is said, we are the people's agents to administer government by the rules they prescribe ... in view of this reasoning, it does seem to me that it would be the quintessence of impudence for this court to strike down the provisions of the Charter in question."

The home rule amendment to article VIII, section 11, of the constitution provides that the charter which the electors were given the power to adopt, revise, and amend—"(b) May grant full power and authority to the Board of County Commissioners of Dade County to pass ordinances relating to the affairs, property and government of Dade County and provide suitable penalties for the violation thereof; ...."

Acting under this provision, the Dade County Commission on September 20, 1957, adopted "The Traffic Ordinance" (Ordinance 57-12). This is a comprehensive act dealing with a vast number of subjects concerning traffic. It contains a great many definitions relating to traffic matters. It provides for the enforcement of and obedience to traffic regulations, to accidents, to traffic control devices, stopping, standing or parking in specified places and restricted by prohibited areas, the rights and duties of pedestrians, regulation of bicycles, speed restrictions, turning movements and stopping, driving on the right side of the roadway, overtaking and passing, parking, and to incompetent drivers, driving while intoxicated, reckless driving, and careless driving.

It is perfectly apparent, therefore, that the Traffic Ordinance adopted by the board of county commissioners on September 20, 1957 related to "the affairs, property and government of Dade County" within the true meaning and intent of the constitution authorizing the electors to adopt a Home Rule Charter.

The charter so adopted, which has been expressly upheld by the Supreme Court (see Dade County v. Kelly, Sheriff (1957), 99 So. 2d 856; Chase v. Cowart (1958), 102 So. 2d 147; Dade County v. Young Democratic Club, supra), provides, inter alia, "A court is hereby established, the name of which shall be the metropolitan court" (section 6.01 A), and "The court shall have jurisdiction to try all cases arising under ordinances adopted by the board" (section 6.02 A), and "No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year

or by both such fine and imprisonment. If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand" (section 6.02 D).

The constitution, article VIII, section 11 (f), provides that the home rule charter—" . ... may create new courts . . . with jurisdiction to try all offenses against ordinances passed by the Board of County Commissioners of Dade County and none of the other courts provided for by this constitution or by general law shall have original jurisdiction to try such offenses, . . ."

The county commissioners on September 25, 1957 adopted ordinance 57-13, entitled "An Ordinance Implementing Charter Establishment of Metropolitan Court . . ." It provides in section 3.02—

"Section 3.02. *Jurisdiction.* The court shall have *exclusive* original jurisdiction to try all cases arising under ordinances adopted by the commission . . . Each judge, sitting alone, may exercise all the power and jurisdiction of the court, except that the judges shall adopt uniform rules of procedure by a majority vote."

The constitution *does not* expressly give the criminal court of record jurisdiction of *all* criminal cases. No other court in Dade County may try the offenses of which the appellant was convicted (Traffic Ordinance 57-12, section 26.02).

It is, therefore, apparent that the appellant's plea to the jurisdiction was not well taken and the trial judge was correct in overruling it.

It is equally clear that the metropolitan court was correct in denying the defendant's request for a jury trial. As above pointed out, the Home Rule Charter provides in section 6.02 D—

"No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year or by both such fine and imprisonment. *If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand.*"

It follows from this clear and explicit language that if the offense is *not* punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days the accused shall *not* be entitled to a trial by a jury upon demand. Section 19.01-2, fixing the punishment for violation of section 19.01-1, provides— "Every person who is convicted of a violation of section 19.01-1 shall be punished by imprisonment for not less than 48 hours nor

more than 60 days and by a fine of not less than One Hundred ($100.00) Dollars, nor more than Five Hundred ($500.00) Dollars, or by both such fine and imprisonment."

So the Charter and the Traffic Ordinance denied the appellant the right of trial by jury. The question then is, May it lawfully do this?

The Traffic Ordinance is a regulation of "roads, bridges, tunnels," etc., adopted by the board pursuant to the power conferred upon it by section 1.01 A (1) and 1.01 A (22) of the Home Rule Charter. Section 8.06 A of the charter provides—

*"Section 8.06. Effect of the Charter.*

"A. This Charter shall be liberally construed in aid of its declared purpose, which is to establish effective home rule government in this county responsive to the people. If any Article, Section, subsection, sentence, clause, or provision of this Charter or the application thereof shall be held invalid for any reason, the remainder of the Charter and of any ordinances or regulations made thereunder shall remain in full force and effect."

Driving a vehicle while intoxicated is not a crime; it is an *offense.*

The violation of a municipal ordinance does not constitute a crime. Roe v. State (1928), 96 Fla. 723, 119 So. 118. In State ex rel. Sellars v. Parker (1924), 57 Fla. 181, 100 So. 260, it was held that one tried for violation of a city ordinance denouncing the offense of operating a motor vehicle while under the influence of intoxicating liquor was not entitled to a jury.

In Wright v. Worth, Judge (1922), 83 Fla. 204, 91 So. 87, a rule in prohibition was issued to prevent the enforcement of an ordinance relating to the unlawful custody of intoxicating liquors and sale thereof in the city of Tampa, and providing a penalty therefor. A demurrer to the petition was sustained and the petitioner declined to plead further or amend. The petition was dismissed, and she brought error. The Supreme Court affirmed. After quoting the language in section 11 of the Declaration of Rights of the Florida constitution (providing the right of trial by jury) and section 34 of article V (authorizing the legislature to establish in incorporated towns and cities courts for the punishment of offenses against municipal ordinances), the court said—

"The language of section 11 of the Declaration of Rights is so different from that of section 34 of article 5, that it is manifest the words 'criminal prosecutions * * * in the county where the crime was committed' in section 11, Declaration of

Rights, have no reference to 'the punishment of offenses against municipal ordinances' under section 34 of article 5.

"The Constitution contains no express limitations upon the power of the Legislature to prescribe the procedure for municipal courts. Under section 20, art. 3, special laws may be enacted 'regulating the practice' of municipal courts."

In Hunt v. City of Jacksonville (1894), 34 Fla. 504, 16 So. 398, 43 Am. St. Rep. 214, it was held—

"Section 3 of the declaration of rights in our constitution, providing that 'the right of trial by jury shall be secure to all, and remain inviolate forever,' was never intended to extend the right of jury trial, but merely secures it in the cases in which it was matter of right before the adoption of the constitution. Trials in municipal courts for infractions of municipal ordinances were conducted generally without juries prior to the adoption of our constitution, and therefore do not fall within the constitutional guaranty, and offenders against such ordinances are not entitled to a jury trial in such courts.

"Municipal governments, when clothed with the requisite legislative authority, may, by ordinance, create an offense, as against municipal law, out of the same act that constitutes an offense already against state law; and in such cases the two offenses are distinct and separate, and may be punished by both the municipality and by the state, and the conviction or acquittal by the one will be no bar to prosecution and punishment by the other."

It would be beyond the power of the metropolitan government of Dade County to enact a law denouncing murder, robbery, burglary, grand larceny, or any other similar felony *because these are crimes* under the laws of Florida which must be uniform throughout the state under the constitution (article III, section 20).

Article VIII, section 11 (1), of the constitution provides—

"The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body. This charter: ·

\* \* \*

"(d) May provide a method by which any and all of the functions or powers of any municipal corporation or other governmental unit in Dade County may be transferred to the Board of County Commissioners of Dade County."

The Home Rule Charter provides—

"*Section 1.01. Powers.*

"A. The Board of County Commissioners shall be the legislative and the governing body of the county and shall have

the power to carry on a central metropolitan government. This power shall include but shall not be restricted to the power to:

"(21)  Exercise all powers and privileges granted to municipalities, counties, and county officers by the Constitution and laws of the state, and all powers not prohibited by the Constitution or by this Charter.

\*    \*    \*

"*Section 6.01.  Metropolitan Court Established.*

"A.  A Court is hereby established, the name of which shall be the Metropolitan Court.

\*    \*    \*

"*Section 6.02.  Jurisdiction and Procedure.*

"A.  The Court shall have jurisdiction to try all cases arising under ordinances adopted by the Board."

In England, prior to the adoption of our constitution, cases before magistrates were triable without a jury. 21 Halsbury's Laws of England, 564-657, section 1037. Among the cases cited to sustain this proposition was one involving a drunken railway engineer who was tried before a justice of the peace without a jury. Railway Regulation Act (1840) 3-4 Vict. C 97 (SS 13; 16;). Several cases are cited sustaining this proposition and involving keeping brothels and the like. The conclusion is irresistible that prior to the adoption of the constitution of Florida magistrates were authorized to try common law offenses without a jury. In Florida, by virtue of express statute, criminal cases before a justice of the peace are triable by a jury.

It is therefore, crystal clear (1) that home rule in Dade County is a new concept of government; (2) that the board of county commissioners has been invested with the power to (a) set up a metropolitan court, and (b) provide for the offense of driving while intoxicated; (3) that the Dade County commissioners have all the powers heretofore exercised by municipalities, and the metropolitan court, when authorized, has all the powers of municipal courts; (4) that offenses against municipal ordinances are not crimes within the meaning of sections 3 and 11 of the Declaration of Rights of the Florida constitution; (5) that the board, by ordinance, may deprive one accused of violating its traffic regulations of a trial by jury; (6) that this court has appellate jurisdiction of this controversy; and (7) that the deprivation of jury trials in cases of driving a motor vehicle while intoxicated does not violate any provision of the Florida constitution.

The judgment of the metropolitan court is affirmed.