### STATE v. ZITO.
### No. 4655.

Circuit Court, Dade County, Criminal Appeal.

November 24, 1958.

Boardman, Bolles, Davant & Lloyd, Miami, for appellant.

Richard E. Gerstein, State Attorney, and Glenn C. Mincer, Ass't State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The appellant, Patrick Zito, was convicted in the metropolitan court of Dade County of driving while under the influence of intoxicating liquor and of reckless driving in violation of the Dade County Traffic Ordinance. He was sentenced to serve a term in jail and pay fines for the two offenses. He appeals from the judgment of conviction.

The appellant relies on three points on his appeal—(1) Whether the evidence was sufficient to sustain the judgment of guilt; (2) Whether the sentences imposed by the trial court were contrary to law; and (3) Whether the metropolitan court had jurisdiction to try the defendant.

As to the first point, the cases are unanimous in holding that the appellate court is without authority to review the evidence where it is conflicting and is passed on by the trial judge, unless the latter applies a wrong rule of law, or is shown to have been influenced by conditions outside the record. King v. Griner (Fla. 1952), 60 So. 2d 177. There is no such showing in this case.

On the second point, the appellant argues that the Traffic Ordinance of Dade County is in conflict with the state statutes dealing with the same subject and, therefore, is void. He cites 5 McQuillin, Municipal Corporations 99, section 15.20, and Griffin v. Sharpe (Fla.), 65 So. 2d 751, to sustain his contention.

McQuillin on Municipal Corporations has this to say on the subject—

". . . ordinances need not conform to, and are not superseded by, statutes relating to the same subject, where, by virtue of the state constitution, a general statutory provision, or a provision in the statute in question, the municipality is given exclusive power to regulate the subject locally. Under the law of some states, as, for example, states where 'home rule' for municipalities has been established by constitutional or statutory provision, ordinances relating strictly to municipal

affairs are within the delegated power of the municipalities coming under 'home rule.' Ordinances must, of course, comply with the 'home rule'- constitutional provision or statute."

Herman v. Mayor and City Council of Baltimore (Md.), 55 Atl. 2d 491, cited in a footnote, holds—"City of Baltimore, under its charter since adoption thereof in November, 1918, has power to enact local laws, including the power to repeal or amend local laws enacted by the legislature, upon all matters covered by the express powers granted by the legislature." This is similar to a provision of the Dade County Home Rule Charter (section 8.04). This is expressly authorized by the home rule amendment to the constitution (Article VIII, Section 11 (e), (f), (i)).

Griffin v. Sharpe, supra, held unconstitutional a special act of the legislature which extended the time for the removal of property restrictions on certain areas in Hillsborough County. The court said that the act was void—so the case is in no wise in point. However, in its opinion the court, quoting from Miami Shores Village v. William N. Brockway Post No. 124, 156 Fla. 673, 24 So. 2d 33, said —"Ordinances such as the one here under consideration . . . (2) must not be inconsistent with the general law of the state."

The contention loses sight of the fact that an ordinance adopted by the county commissioners of Dade County under the Metropolitan Charter—which, in turn, was adopted under the home rule amendment to the constitution—is, in effect, a special act of the legislature, or should be treated as such. Stated differently, the home rule amendment was designed, as its name implies, to make it unnecessary for Dade County to go to the legislature for special legislation to meet its fiscal needs. The purpose and intent of it was to authorize the board of county commissioners, acting under the Metropolitan Charter, to adopt ordinances *which would have the force and effect of local or special acts of the legislature.*

In Dade County v. Young Democratic Club (1958), 104 So. 2d 636, the Supreme Court held a provision of the Metropolitan Charter respecting partisan elections valid—notwithstanding it was in direct conflict with the state statute. See also Dade County v. Kelly, Sheriff (1957), 99 So. 2d 856; Miami Shores Village v. County Commissioners, 12 Fla. Supp. 168, aff'd Sup. Ct. 12-18-58.

It is argued that the sentences were contrary to law because they provide for alternative additional jail sentences in the event the fines are not paid. The cases cited by appellant do not sustain his position. In Anderson v. Shackleford, 74 Fla. 36, 76 So. 343, it was held that a clause in the charter of a city vesting power in the mayor to decide upon the guilt or innocence of one accused of

violating a city ordinance and to fix by penalty the sentence prescribed and enforce the same vests in the mayor power to order the defendant to be committed until a fine imposed be paid. This has uniformly been the law in Florida. So it follows that the point is not well taken.

As to point number three, raising the question of the jurisdiction of the metropolitan court to try the defendant, this court has recently passed on it adversely to the contention made. Rousseau v. State of Florida, County of Dade, decided October 30, 1958, (13 Fla. Supp. 110).

The judgment appealed from is affirmed.