## STATE v. CAMPBELL.
### No. 4695.

Circuit Court, Dade County, Criminal Appeal.
December 15, 1958.

Herman Methfessell, Miami, for appellant.

Richard E. Gerstein, State Attorney, and Glenn C. Mincer, Ass't. State Attorney, for appellee.

RAY PEARSON, Circuit Judge.

The appellant, Earl W. Campbell, was convicted in the metropolitan court of Dade County, of (1) operating a motor vehicle while under the influence of intoxicating liquor, sentenced to be imprisoned for a term of 48 hours and to pay a fine of $150; and (2) careless driving, sentenced to pay a fine of $50.

The appellant relies on two points on his appeal— (1) Whether the evidence was sufficient to sustain the judgment of guilt; and (2) Whether the trial court erred in denying his motion to quash the charges on the grounds that he was illegally arrested.

As to the first point, the cases are unanimous in holding that an appellate court is without authority to review the evidence where it is conflicting and is passed on by the trial judge, unless the latter applies a wrong rule of law, or is shown to have been influenced by conditions outside the record. King v. Griner (Fla. 1952), 60 So. 2d 177. There is no such showing in this case—there is therefore no reversible error on this point.

On the second point, the appellant argues that the arresting officer did not see him drive his automobile and had no warrant for his arrest, yet proceeded to arrest him. At the trial he made a timely motion to quash on the grounds of an illegal arrest, and the motion was denied. He argues that the judgment should be reversed by reason of the illegal arrest. He also argues that he was never arrested by a lawful affidavit or warrant, and was not lawfully present before the trial court.

This identical question has been before this judge numerous times, both as a trial judge and as an appellate judge. This judge has repeatedly ruled adversely to the contentions of the appellant—although it appears that other circuit judges, of equal standing and dignity, have ruled otherwise, see City of Belle Glade v. Jackson, 10 Fla. Supp. 182, opinion of West Palm Beach Circuit Judge Knott.

We find no decisions of our Supreme Court directly in point. The overwhelming weight of authority holds, and it is the opinion of this court, that *if the defendant is physically present before the trial court on a valid charge by docket entry, warrant, information or indictment, the validity of the original arrest is immaterial, even though timely raised, so far as it regards the jurisdiction of the court to proceed with the case.*

To hold otherwise would result in the absurdity of allowing a defendent to file a motion to quash, in the nature of a plea in abatement, request a jury trial, first, on the question of the legality of the arrest to constitute the basis for the charge, and then, request another jury trial to determine the legality and sufficiency of the evidence to support a conviction of the charge so made.

In Commonwealth v. Gorman (1934), 288 Mass. 294, 192 N.E. 618, 96 A.L.R. 977, a police officer arrested the defendant without a warrant, charging him with operating a motor vehicle while under the influence of intoxicating liquor. The defendant made a motion to quash the complaint, based on the alleged unlawfulness of the arrest and of the procedure in bringing him before the court. The Massachusetts Supreme Judicial Court said—"We think it is the law, that where a defendant is physically before the court upon a *complaint* or indictment, either because he is held in custody after arrest or because he has appeared in person after giving bail, the invalidity of his original arrest is immaterial even though the motion to quash be seasonably raised." (Italics added.)

In People v. Banner (1957), 164 N.Y.S. 2d 53, the defendant was convicted of disorderly conduct by engaging in a "gang fight" in a public park, thereby committing a breach of the peace. The Otsego County Court said—"Our higher courts have consistently held that

if the magistrate had jurisdiction of such matter and the defendant was physically before him, the manner in which the arrest was made is immaterial in determining the court's jurisdiction. While an unlawful arrest is an invasion of a person's constitutional rights, the law affords him protection by giving him an action for damages for unlawful arrest. Rose v. McKean, 76 N.Y.S. 2d 391. Again, it has been held that it is the general rule that it is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court."

4 Wharton's Criminal Law and Procedure (Anderson, 1957), section 1484, pages 39-44, quoting more than one hundred cases ranging through the appellate, federal and state courts, states the law to be—"When a person accused of a crime is found within the territorial jurisdiction wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense is impaired by the manner in which he was brought from another jurisdiction whether it be kidnaping, illegal arrest, abduction or irregular extradition proceedings. If a person is physically before the court upon a complaint or indictment either because he is held in custody after an arrest or because he has appeared in person after giving bail *the invalidity of the original arrest is immaterial,* even though seasonably raised, as regards the jurisdiction of the court to proceed with the case." (Italics added.)

See also 14 Am. Jur. 920, Criminal Law, section 219, and the annotation to the Gorman case, supra, in 96 A.L.R. beginning at page 982.

The appellant complains that he was not present before the trial court upon a valid affidavit or warrant. The Home Rule Amendment, article VIII, section 11, of the Florida constitution, the Home Rule Charter, adopted by the voters of Dade County on May 1, 1957, and Dade County ordinance #57-13, implementing the charter, establishing the metropolitan court, do not require an affidavit and warrant.

The Home Rule Charter, section 6.02 C., provides—"C. Arrests, complaints, prosecutions, and convictions shall be instituted and processed in the manner provided by the rules of the court. When the complaint is made in the name of the county, a formal complaint shall not be necessary to give the court jurisdiction of offenses triable in such court, but the accused may be tried for the offense for which he is docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged."

The appeal record in this case shows that the appellant was tried upon a trial docket, sometimes known as a "docket entry" which, in itself, was sufficient, definite and certain to put the accused upon notice of the offenses of which he was charged and convicted.

This question has previously been decided in Wright v. Worth (Fla. 1922), 91 So. 87, wherein the Florida Supreme Court approved an act relating to procedure in the Tampa municipal court. The act provided—"Section 1. A sworn or verified complaint shall not be necessary to give the municipal court jurisdiction of offenses triable in that court, but the accused may be tried for the offense as docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged." The Supreme Court held—"This is sufficient to afford due process of law as to the charge if it is complied with."

In State v. Rousseau, 13 Fla. Supp. 110, Judge Robert H. Anderson, speaking for the Dade Circuit Court, held that the metropolitan court had jurisdiction of "driving while intoxicated" cases and, when authorized, exercised the same duties and powers as municipal courts.

The judgment and sentence of the metropolitan court are affirmed.