### STATE v. McINTOSH.
### No. 4634.

Circuit Court, Dade County, Criminal Appeal.

September 28, 1959.

George L. Jackman, Miami, for appellant.

Richard E. Gerstein, State Attorney, Glenn C. Mincer, Asst. State Attorney, for appellee.

RAY PEARSON, Circuit Judge.

The appellant, Elsie Zimmerman McIntosh, was charged in the metropolitan court of Dade County with unlawfully leaving the scene of an accident, in violation of sections 3.01 and 3.02 of Dade County Traffic Ordinance #57-12. She pleaded not guilty. Her timely demand for a jury trial was denied. She offered no testimony on her behalf, was convicted and sentenced to pay a fine of $100. Upon the charges of reckless driving and careless driving, she was acquitted. She appealed from the judgment of conviction. The offense was alleged to have been committed the 14th day of March, 1958.

The appellant relies upon the following points of law for reversal—

(1) Did the trial court err when it denied appellant's motion for new trial upon the ground that the circumstantial evidence was insufficient to sustain the judgment of guilt?

(2) Did the trial court err when it permitted the investigating officer to disclose the appellant's admission of identity. as the driver of the vehicle involved in the accident?

(3)   Did the trial court err in refusing appellant's timely demand for a jury trial?

(4)   Did the trial court err in denying the appellant's motion to quash the charges on the grounds that the defendant was illegally arrested?

(5)   Did the trial court err in denying appellant's plea of double jeopardy?

As to the first point, relating to the sufficiency of the evidence, the record is centered around the testimony of one Elizabeth Thomas, who testified that she and others were in a nearby dance studio when she heard a terrific crash. She ran out in time to see a motor vehicle "take off" with a woman driver leaving a "wet trail". Mrs. Thomas, in her motor vehicle with a friend, continuously tracked the "take off" automobile by following the "wet trail", came to the end of the "wet trail" and found the appellant behind the wheel of the damaged automobile. When asked by Mrs. Thomas why she left the scene of the accident, the appellant gave no reply except to request that notice be given her husband so he could pick up the damaged car. The investigating officer testified he arrived at the scene soon after the accident, found debris on the street and substantial damage to the rear end of a nearby automobile identified to him as having been in the accident. Later the officer examined the appellant's automobile and found substantial damage to the right portion of the front end, grill and fender. Both vehicles were towed in.

The officer stated appellant was returned to the scene of the accident by another zone automobile, where she was arrested without a warrant for traffic violations not committed in the presence of the officers.

During cross examination, the investigating officer, when asked by appellant's attorney if he knew who was driving the automobile owned by the appellant, stated that appellant admitted to him she was the driver of the vehicle involved in the accident. Appellant's motion to strike the officer's testimony on the grounds the admission was part of a confidential report given the officer, pursuant to section 317.17, F.S.A., was denied by the trial court. The county's evidence was not refuted or contradicted.

It is the established law of Florida that the guiding principle for an appellate court is not what it may think the jury, or the trial court sitting as a jury, ought to have done or what such court may think it would have done, had it been sitting as a jury or trial judge,

but whether, as reasonable men, the jury or trial judge could have found such verdict upon the evidence. The appellate court cannot substitute its judgment for that of the jury or trial judge. (*See* State v. Heffernan, (Fla.), 195 So. 145, 127 A.L.R. 1263.)

It is, of course necessary, for a conviction of "unlawfully leaving the scene of an accident", that there be sufficient evidence that the defendant was operating the vehicle at the time and place charged. While it is true that no one actually identified the appellant driving at the time of the collision, it seemed clear to the trial court, by the unbroken chain of circumstances, that appellant was operating the automobile at the time and place charged. There is no reversible error in this point.

On the second point, the appellant urges that section 317.17 makes accident reports confidential and prohibits the investigating officer from disclosing the admission of appellant as being the person involved in the accident.

The sections germane to the issue, state—

317.13 *Written reports of accidents.—*

(1) The driver of a vehicle involved in an accident resulting in injury to, or death of, any person or total property damage to an apparent extent of fifty dollars or more shall, within twenty-four hours after such accident, forward a written report of such accident to the department.

(2) The department may require any driver of a vehicle involved in an accident, of which report must be made as provided in this section, to file supplemental reports, whenever the original report is insufficient in the opinion of the department, and may require witnesses of accidents to render reports to the department.

(3) Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident of which report must be made as required in this section, either at the time of and at the scene of the accident, or thereafter by interviewing participants or witnesses shall, within twenty-four hours after completing such investigation, forward a written report of such accident to the department.

317.17 *Accident reports confidential.—*All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, *except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known as when such person denies his presence at such accident* . . . (Emphasis added.)

This identical point of law has been previously decided by this court adversely to the contentions of the appellant in the case of Francis James Burns v. State of Florida, Dade Circuit Court Crim-

inal Appeal # 3045 (Division Two) by a per curiam opinion of Judges Stanley Milledge, William A. Herin, Ray Pearson, John W. Prunty and Harold R. Vann, dated January 28, 1957. The court held that such disclosure by the officer, as to the appellant's admission of identity as the driver, was not reversible error.

Primarily because of the increase of highway casualties and the great public interest inherent in motor vehicles, this court, after careful reconsideration and review, now re-affirms and restates its opinion in the Burns case, supra.

The principal arguments levied against permitting the traffic officer to disclose the identity of a person involved in an accident (Sec. 317.17) are—(1) the driver of a vehicle involved in an accident is compelled under provisions of section 317.13 to make a report to the Department of Public Safety; (2) after having been compelled to disclose his identity as the driver, such compelled information cannot be used against him; and (3), section 12, Declaration of Rights, Florida constitution, provides—(Also see U.S.C.A., Const. Amend. 14)

> "*Section 12. Self-incrimination*—No person shall be . . . *compelled in any criminal case to be a witness against himself,* nor be deprived of life, liberty or property without due process of law . . ." (Emphasis added.)

These arguments are not applicable because traffic violations of metropolitan ordinances are not *criminal cases.*

Regardless of how persuasive this argument appeals to rugged individualism or advocates of exaggerated legal niceties, the privileges of the few who violate the motor vehicle traffic laws must give way to the rights of the many, when weighed upon the scales of human life, public safety, health and welfare.

Privileges granted or protected by the constitution are not absolute but may be regulated in the public interest. This is particularly true when applied to the use of an instrument of potential death, such as an automobile. The recent rapid increase of highway casualties, of insurance rates and of injury to property, are now some of the major social problems facing our government, courts, law enforcement officers and civic bodies at every level. To hold that the legislature cannot compel the driver of an automobile to account for flagrantly abusing his use of the highway would place an impossible burden upon harrassed law enforcement officers and be unjust to the public.

It is not the purpose of appellate courts to invent legalistic limitations or impediments and cast them upon the path of legislative enactments, trial courts, or enforcement officers where the purpose of the law is to make more effective the protection of human life, safety, health and welfare. The owner of a motor vehicle is constantly subject to all reasonable regulations. If he cannot conduct himself as a careful driver, he becomes a dangerous public nuisance, and if he cannot be compelled to disclose and account for his flagrant misconduct, he becomes an escapable dangerous public nuisance. Therefore, it is the opinion of this court, and this court so holds, that the driving of a motor vehicle upon the highways is not a *right* guaranteed by the constitution, but is a *privilege* which is subject to reasonable regulation at all times; and that compelling a driver to make a written report of the accident, subject to the exceptions as provided by section 317.17, is not unreasonable, unlawful or unconstitutional. (See Thornhill v. Kirkman (Fla. 1953), 62 So. 2d 740.)

Section 317.17 expressly provides that the Department of Public Safety may disclose the identity of a person involved in an accident when such identity is not otherwise known, or when such person denies his presence at such accident. Such provision does not conflict with any expressed or implied provision in the Florida or federal constitutions.

Section 317.13 requires the driver of a motor vehicle involved in an accident to make a written report thereof within twenty-four hours to the Department of Public Safety. The Florida Supreme Court has held that this requirement is met by the driver giving the patrolman an account of his version of the accident. (Herbert v. Garner (Fla. 1955), 78 So. 2d 727.) The traffic officer, acting in the line of duty as a representative of the Department of Public Safety, receives the oral statement of the driver and sends the written report to the department. When the required written report is made in this fashion, the oral statements made by the driver to the officer are as much a part of the report of the accident as is the written statement prepared by the officer from the oral statements. Under these circumstances, the officer is a competent witness to testify to the oral or written admissions of identity of the driver when such identity is not otherwise known or when such person denies his presence at such accident. (See Stevens v. Duke (Fla. 1949), 42 So. 2d 361.)

Specifically, applying these ground rules, statutes and appellate decisions to this case, we find the appellant entered a plea of not guilty, thereby expressly denying every material allegation of the charges, the principal one of which was her identity as the driver

of a vehicle involved in an accident resulting in substantial damage and immobilization of two automobiles. She also suffered personal injury. The facts were circumstantial. No person visionally identified the appellant as being the person involved in the accident, nor did any witness testify that she was seen at the accident. Aside from the tacit and expressed admissions to a stranger and the officer, she was tracked by a continuous "wet trail", presumably from a leaking radiator. She did not testify, nor did she offer any testimony on her behalf which was undeniably her right and privilege. Being ever mindful that it is incumbent upon the county to prove all the material allegations of the charges, nevertheless the pleadings, facts and circumstances leave this appellate court resting upon the clear conclusion that if the identity of the person involved in the accident was not known, the officer, as provided by section 317.17, could testify to the admission of identity given him by the appellant; on the other hand, if the identity of the person involved in the accident was made known by the trial record, her disclosure and the testimony of the officer was only cumulative and not harmful or reversible error.

A somewhat similar situation is reported in Sea Crest Corp. v. Burley (1949), 38 So. 2d 434, wherein our Supreme Court held the admissions made by the motor vehicle driver to the investigating officer were established by other witnesses and therefore cumulative, and not reversible error.

Therefore, Metropolitan Judge Charles H. Snowden correctly applied the appropriate rule and committed no harmful or reversible error when he admitted the testimony of the officer.

As to the third point, this appellate court has previously decided that a defendant in the metropolitan court of Dade County is not entitled to a jury trial unless the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than sixty days. See Home Rule Charter, section 6.02, sub-section "D". Unlawfully leaving the scene of an accident does not come within this category. See Dade Traffic Ordinance 57-12, section 3.11; also see Rousseau v. Dade County, criminal appeal #4633-J [13 Fla. Supp. 110] (Anderson, J.); Dowd v. Dade County, criminal appeal #4642-B (Wiseheart, J.), certiorari denied by Supreme Court, July 23, 1959; Howard v. Dade County, criminal appeal #4731-N (Kehoe, J.); and Enwright v. Metropolitan Court Judges, wherein the Florida Supreme Court denied prohibition seeking right to trial by jury. (Opinion filed June 2, 1959.) There is no reversible error on this point.

As to the fourth point, the trial court committed no error when it denied the appellant's motion to quash upon the grounds of an illegal arrest. This court has previously stated in the case of Campbell v. Dade County, criminal appeal #4695-K [14 Fla. Supp. 124] (certiorari denied with opinion by Third District Court of Appeal, 113 So. 2d 708, June 23, 1959), that the overwhelming weight of authority holds, and it is the opinion of this court, that if the defendant is physically present before the trial court on a valid charge by docket entry, warrant, information or indictment, the validity of the original arrest is immaterial, even though timely raised, so far as it regards the jurisdiction of the court to proceed with the case. Also see the recent case of Daisey v. Dade County, criminal appeal #4779-D (certiorari denied by Supreme Court of Florida, opinion filed July 24, 1959 [113 So. 2d 700], certiorari dismissed by Third District Court of Appeal, September 2, 1959 [114 So. 2d 448]).

As to the fifth point, the appeal record reflects that the trial court granted appellee's motion for a seven-day continuance upon the grounds of one or more missing witnesses. The appellant contends this amounted to double jeopardy and cites Allen v. State (Fla.), 41 So. 593 and Hunter v. Wade, 169 Fed. 2d 973. These cases are not in point. Section 916.02, F.S.A., authorizes the trial court on application of either party, or on its own motion at its discretion for good cause, to grant continuances. See Jenkins v. State (Fla.), 12 So. 677; Kitchen v. State (Fla.), 89 So. 2d 667.

This court, having carefully reviewed the appeal record, considered all the points, and finding no reversible error, the judgment and sentence of the metropolitan court are affirmed.