## STATE v. BAKER.

No. 5907.

Circuit Court, Dade County, Criminal Appeal.

May 13, 1966.

Herbert A. Warren, Jr., Carr & Warren, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joseph P. Durant, Assistant State Attorney, for appellee.

HENRY L. BALABAN, Circuit Judge.

This cause is before the court upon the appeal of Jane H. Baker from judgments of conviction and sentences imposed by the metropolitan court of Dade County on charges of careless driving and driving while under the influence of intoxicating liquor or narcotic drug. The court has considered the record and the briefs filed by the parties and has heard oral argument of counsel.

The court is of the opinion that the evidence in this case is not legally sufficient to sustain the conviction upon the charge of driving while under the influence of intoxicating liquor or narcotic drug.

The burden was upon the state to prove that the normal faculties of the appellant were impaired and that such impairment was the result of the consumption of intoxicating liquor. The evidence established that the appellant was involved in a collision and received a head injury when her head struck the

windshield of her automobile. The testimony was consistently to the effect that she was at all times polite and cooperative, with the police officers who investigated the accident and with the chemical test technician of the sheriff's department. She was upset and expressed anxiety as to the welfare of her passenger who was also injured in the collision. She voluntarily consented to the taking of a sample of her blood for chemical analysis as to alcohol content. The testimony of the police officer and the chemical test technician was that there was an odor of alcohol about the appellant, that her eyes were glassy and that her speech was slurred. However, evidence of an alcohol odor, flushed face and dilated eyes is not sufficient to establish that a person is intoxicated to such an extent that his normal faculties are impaired. See City of Miami Beach v. Rockfeld, 11 Fla. Supp. 83 (Circuit Judge Wiseheart).

There was testimony by the police officer and the technician that the appellant was "wobbly" and that her balance was impaired. However, the technician recognized that a blow on the head can affect the balance of a person and that he did not know to what extent her balance was affected by the blow on her head. The impairment of her balance is as consistent with the innocence of the appellant as with guilt. The evidence in this case fails to establish that any impairment of balance demonstrated by the appellant was as a result of the consumption of alcoholic beverages, and not from her head injury.

As previously stated, the appellant voluntarily consented to a blood test to determine the alcohol content of her blood. In this regard the state only presented evidence to the effect that an analysis of the blood revealed a .285% content of alcohol. No further testimony was presented to in any way interpret such an analysis with respect to the effect of that percentage of alcohol in the blood upon the normal faculties of a human being. The lower court was not authorized, nor is this court authorized, to take judicial notice as to whether .285% alcohol content is evidence of intoxication or sobriety. See City of Belle Glade v. Jackson, 10 Fla. Supp. 182. Thus, the blood test is of no support whatsoever of the charge against appellant.

Taking into consideration all of the evidence, it affirmatively appears that the evidence is not legally sufficient to sustain the conviction upon the charge of driving while under the influence of intoxicating liquor. The conviction and sentence on such charge must be reversed.

The other charge against the appellant is that of careless driving by failing to have her vehicle under control. The appellant argues that her conviction on this charge should be reversed upon the authority of State v. Goodwyn, 24 Fla. Supp. 9 (Circuit Judge Balaban). In that case no one saw the manner in which the defendant drove. The vehicle appeared to have run off the road into a gully. However, such evidence is as consistent with innocence as with guilt in that the defendant may have decided to pull off of the road and did so in a careful manner.

In the instant case, the appellant collided with an automobile which was parked off of the roadway. It is not consistent with innocence that the appellant would leave the roadway and collide with a parked automobile. Thus, even though no one saw the manner in which she drove, the state established a prima facie case against the appellant which was not rebutted. The conviction on the careless driving charge should be affirmed.

It is thereupon ordered and adjudged — (1) That the conviction and sentence of the appellant on the charge of driving while under the influence of intoxicating liquor or narcotic drug is reversed with instructions to the metropolitan court of Dade County to dismiss such charge with prejudice. (2) That the conviction and sentence of the appellant on the charge of careless driving is affirmed.