Robert T. TIGGES, Plaintiff, Appellant,

v.

Nunzio CATALDO et al., Defendants, Appellees.

No. 79–1389.

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1979.

Decided Dec. 28, 1979.

---

Walter G. Bilowz, Boston, Mass., for plaintiff, appellant.

Usher A. Moren, Cambridge, Mass., with whom David Berman and John F. Zamparelli, Medford, Mass., were on brief, for defendants, appellees.

Before CAMPBELL and BOWNES, Circuit Judges, and CLARKE,** District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Robert T. Tigges, a resident of Winchester, Massachusetts, brought this action under 42 U.S.C. § 1983 against Nunzio Cataldo and Robert Hyde, officers of the Burlington, Massachusetts, police force, in the district court. The jury returned a verdict for defendants, and plaintiff's motion for a new trial was denied. This appeal followed.

Plaintiff Tigges characterizes his claim against the defendants as a "police brutality" action. His complaint alleged that on or about March 7, 1974 officer Cataldo, in the presence of his superior Sgt. Hyde, assaulted and beat Tigges in a public park in Burlington, fracturing his cheek. He further alleged that the officers placed him under arrest, without probable cause, in order to provide a cover story to explain the beating. Defendants contended that Tigges was among a group of youths at the park who had been drinking, that Tigges was intoxicated, that officer Cataldo took Tigges into protective custody and placed him in the back seat of a police cruiser, that Tigges assaulted Cataldo, and that Cataldo struck Tigges in self defense.

On appeal, plaintiff raises two issues. First, he argues that the district court should not have prevented him from cross-examining defendant Cataldo with respect to certain interrogatories propounded to Cataldo pursuant to Fed.R.Civ.P. 33. Second, he asserts the district court erred in instructing the jury on the defendants' lawful

** Of the Eastern District of Virginia, sitting by designation.

authority to arrest him. As we find merit to neither contention, we affirm.

## I.

■ The district court refused to let plaintiff's attorney cross-examine officer Cataldo concerning the following excerpt from Cataldo's answers to plaintiff's Rule 33 interrogatories:

"15. Were there in existence, on or prior to March 7, 1974, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the Burlington Police Department? If yes, state:

   a. The nature of such procedures;

   b. The person or persons responsible for implementing such procedures.

A. I do not know of any formal internal administrative procedures. I believe that any such matters were handled by the Chief.

16. If the answer to interrogatory # 15 is in the affirmative, have you ever been subject to such internal administrative procedures? If yes, state:

   a. The substance of any charges made against you in each such procedure;

   b. The names and addresses of all persons who preferred such charges;

c. The date and outcome of each such procedure including the date and nature of subsequent disciplinary action against you, if any was taken;

d. The name and address of the person or persons responsible for administering such disciplinary action, if any.

A. Not applicable."

Plaintiff asserts that Cataldo's answers were intentionally misleading since Cataldo was subjected in 1971 to administrative discipline in regard to another incident.[1] Thus, says plaintiff, the answers were relevant to Cataldo's credibility as a witness and cross-examination as to the answers should have been allowed.

We note at the outset that plaintiff was not entitled to show by extrinsic evidence that Cataldo had been disciplined in 1971. Fed.R.Evid. 404(b); 608(b).[2] Evidence of other, unrelated episodes was material only in the impermissible sense of showing a bad character from which to infer a propensity to commit the alleged wrong. Plaintiff's offer of the record of the disciplinary hearing as evidence was thus properly rejected by the district court. Further, since the past conduct was not, in and of itself, "probative of truthfulness or untruthfulness," Fed.R.Evid. 608(b), plaintiff could not have cross-examined Cataldo directly on the subject of the 1971 incident.

Regarding the interrogatories and answers themselves, these were not admissible

---

1. The answers were evasive and unresponsive, although, as the district court observed, they fell short of perjury. *See Bronston v. United States,* 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973). Counsel, in the period before trial, was free to follow up the unresponsive answers with more discovery—by further interrogatories, deposition or otherwise—on the subject of Cataldo's possible exposure to *informal* administrative procedures. This was not done.

2. Rule 404(b) states:
"Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

edge, identity, or absence of mistake or accident."
Rule 608(b), in relevant part, states:
"Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

as prior inconsistent statements. They did not contradict any of Cataldo's trial testimony, and plaintiff's counsel of course had no right to question Cataldo about the 1971 incident simply on the ʼhope that Cataldo would give an answer contrary to his previous response to the interrogatories, thus opening the way for admission of the interrogatories for impeachment purposes. *See Stevens v. Consolidated Mutual Insurance Co.*, 352 F.2d 41, 44 (1st Cir. 1965).

Plaintiff insists, nonetheless, that he had a right to inquire on cross-examination into the alleged contradiction between Cataldo's interrogatory answers and the disciplinary hearing record in order to show Cataldo's lack of credibility, as the entire controversy turned on the conflicting testimony of the two parties. Rule 608(b) provides that "[s]pecific instances of the conduct of a witness . . . if probative of truthfulness or untruthfulness," may be inquired into on cross-examination of the witness "*in the discretion of the court.*" (Emphasis added.) The court, however, has considerable discretion to exclude avenues of cross-examination which promise to lead far afield from the main controversy. *See United States v. Poulack*, 556 F.2d 83, 89 (1st Cir.), *cert. denied*, 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977). Here, the instance of conduct sought to be inquired into was the giving of allegedly misleading discovery responses. The responses were sufficiently ambiguous that a comparison between them and the historical facts seems of doubtful value in assessing Cataldo's credibility. *See* note 1 *supra.* Any lack of candor would seem as attributable to Cataldo's legal adviser as to himself. And the inquiry, if allowed, would have thrust before the jury the otherwise inadmissible issue of Cataldo's past disciplinary record, which could have been highly prejudicial to

him. *See* Fed.R.Evid. 404(b). It was for the trial court to weigh these factors, and we find no abuse in its decision to exclude this line of cross-examination.[3]

## II.

■ Plaintiff's second contention concerns the following jury instructions:

"The defendants could arrest the plaintiff if they observed him consume any alcoholic beverages while in or upon any street, public place, public building, or any place to which the public has a right of access as invitees or licensees; consume alcoholic beverages while in or upon any private land, building, or place without consent of the owner or person in control thereof; refuse to disperse from a group of three or more people gathered in a public place after being ordered to do so by any officer of the Town of Burlington; behave or speak as a lewd, wanton, or lascivious person; behave as an idle and disorderly person; or disturb the peace. That is more or less, ladies and gentlemen, a rephrasing of the first one.

"The defendants have a lawful authority to notify the plaintiff to remove garbage, offal, or metal if they had a reasonable cause to believe that the plaintiff had caused some such items on a street or public place; and they could arrest plaintiff if they observed him depositing such items on a street or in a public place."

Plaintiff points out that under Massachusetts law a police officer does not have authority—absent a specific statute—to arrest a person without a warrant for a misdemeanor that does not involve a breach of the peace, *see Commonwealth v. Gorman*, 288 Mass. 294, 192 N.E. 618 (1934). From this he would have us rule that it was error for the district court not to instruct the

---

3. *Wiseman v. Reposa*, 463 F.2d 226 (1st Cir. 1972) (per curiam), cited by plaintiff, is not to the contrary. The district court committed reversible error in that case by precluding cross-examination on the issue of whether plaintiff had attempted to bribe a witness. Our citation to 3A Wigmore, Evidence § 960 indicates that we were specifically addressing the issue of cross-examination regarding corruption, as to

which the general rule is "the *range* of evidence that may be elicited . . . is to be *very liberal.*" *Id.* § 944 (emphasis in original). The excluded material in the present case did not tend to show corruption or subornation of perjury. Nor would Cataldo's alleged prior conduct be indicative of bias or improper motive. *Compare United States v. Rios Ruiz*, 579 F.2d 670, 672–74 (1st Cir. 1978).

jury that it must find the element of breach of the peace present in order to determine that the officers had authority to arrest.[4]

Plaintiff is mistaken, however, in concluding that *Gorman* requires such an instruction. In *Gorman*, the Massachusetts Supreme Judicial Court upheld an arrest and conviction for driving while under the influence of intoxicating liquor. While the Massachusetts court said that, in the absence of a statute, a breach of the peace, present or anticipated, is essential to justify a warrantless arrest for a misdemeanor, it did not suggest that the presence or absence of this element was a question of fact for the jury. To the contrary, the court indicated that the decision would be a legal one, involving a process of line drawing between offenses that by their character constitute such a breach of peace (*e. g.*, assault, driving while under the influence, public drunkenness) and those that do not (*e. g.*, possession of short lobster, drunkenness in private). 288 Mass. at 298, 192 N.E. at 620. *Cf. Phillips v. Fadden*, 125 Mass. 198, 201 (1878). In the present case, the district court was itself required to ascertain that the various forms of misconduct listed in its instructions—constituting violations of town ordinances or by-laws— were also breaches of the peace. Plaintiff cites to no authority indicating that the offenses detailed in the district court's instruction would not amount to breaches of peace for purposes of effecting a valid arrest under Massachusetts law.

In light of the foregoing, we do not consider defendants' alternative argument seeking to uphold the district court's judgment.

*Affirmed.*

---

4. Plaintiff lodged a suitable objection to the instruction which was renewed in his unsuccessful motion for new trial.