610 F.Supp. 574 (1985)
UNITED STATES of America
v.
José Luis Lebrón GONZÁLEZ, et al.
Cr. No. 84-418(PG).
United States District Court, D. Puerto Rico.
May 17, 1985.
*575 Guillermo Gil and Dana Biehl, Asst. U.S. Attys., Washington, D.C., for plaintiff.
Blas C. Herrero, Wally de la Rosa, Julio Morales Sánchez, Wilfredo Figueroa, Rafael Castro Lang, San Juan, P.R., for defendants.

OPINION AND ORDER
PEREZ-GIMENEZ, District Judge.
Through a "Notice of Intention to Use Evidence", filed on March 11, 1985, the United States informed under Rule 12(d)(1) of the Federal Rules of Criminal Procedure of its plan to offer into evidence prior similar acts committed by defendant Raymond Cátala Fonfrias.
On April 29, 1985, co-defendant Raymond Cátala Fonfrías filed an opposition thereto. The matter stands submitted.
In essence, the evidence subject of the above notice and which the prosecution intends to offer consists of the words "hay que tumbarlo", allegedly uttered by co-defendant Cátala and overheard by several witnesses.
It appears from the notice filed that the background of this alleged incident involved the arrest in 1980 of Marcos Walter Rosales, charged with the participation in the theft of a van load of Felipe II brandy. The main witness against Marcos Walter Rosales was Sigfredo Martell. It is alleged that after his arrest and release Rosales went to co-defendant Cátala's office and met there with several people. It is during this meeting that Cátala supposedly said "hay que tumbarlo" in reference to Sigfredo Martell in view that he had talked too much.
In his opposition, co-defendant Cátala opposes the use of said evidence under Federal R.Evid. 404(b).
The rule provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of a mistake or accident.
In accordance with the rule, co-defendant Cátala opposes its admission on two basic grounds. First, he alleges that evidence of crimes not charged in the indictment is not admissible for purposes of showing that the defendant has a criminal disposition in order to generate the inference that he committed the crime with which he is charged.
Defendant Cátala thus argues that the act which the government intends to present as evidence clearly falls within the prohibition of Rule 404(b) of the Federal Rules of Evidence constituting evidence of criminal disposition to commit the crime for which he is charged.
Co-defendant further alleges that the evidence is inadmissible under Rule 403 of the Federal Rules of Evidence since said rule excludes otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue or misleading of the jury or undue delay, waste of time or needless presentation of cumulative evidence.
There is considerable case law on the interpretation of Federal Rule of Evidence 404(b) from the Court of Appeals for the First Circuit.
*576 In accordance therewith, it is well settled that prior acts may not be admitted to prove that a person has acted in similar fashion in the case at hand, Lataille v. Ponte, 754 F.2d 33, 35 (1st Cir.1985); Tigges v. Cataldo, 611 F.2d 936, 938 (1st Cir. 1979), since the government is not permitted to use evidence of bad acts to show that someone has a bad character from which to confer a propensity to commit the crime with which he is charged. U.S. v. Fortes, 619 F.2d 108, 120 (1st Cir.1980); U.S. v. Fosher, 568 F.2d 207, 212 (1st Cir. 1978); U.S. v. Barrett, 539 F.2d 244, 248 (1st Cir.1976); U.S. v. Eatherton, 519 F.2d 603, 611 (1st Cir.), cert. denied, 423 U.S. 987, 96 S.Ct. 396, 46 L.Ed.2d 304 (1975).
Nevertheless, in accordance with the rule, such evidence may be admissible for other purposes such as impeachment, or to show proof of motive, opportunity, etc. U.S. v. Sclamo, 578 F.2d 888, 890 (1st Cir.1978). Thus, if such evidence is relevant to another legitimate purpose, it may be admitted but only if its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. U.S. v. Cepulonis, 530 F.2d 238, 246 (1st Cir.), cert. denied, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 834 (1976); Dirring v. U.S., 328 F.2d 512 (1st Cir.), reh. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964).
In the instant case the government moves for the admission of said evidence alleging that the same may be admitted as evidence to show motive. This motive is explained as murder to prevent testimony. The government also alleges that the evidence will be relevant to prove knowledge.
However, in order to determine whether the evidence is not foreclosed as evidence of motive, we should carefully examine and scrutinize the indictment in the instant case.
In the present case co-defendant Cátala is being charged in part with counseling the murder of Griselle González Ortiz (Jessica), who was scheduled to be a witness against a client to co-defendant Cátala in order to prevent the use of said witness's testimony against that client.
Although the evidence the government seeks to introduce will show similar preparations and plannings, the similarity of purpose is not what is technically required as motive.
Courts have described the concept of motive as "the reason that nudges the will and prods the mind to indulge the criminal intent." U.S. v. Beechum, 582 F.2d 898, 912 (5th Cir.1978), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), and as an inducement or state of feeling that impels and tempts the mind to indulge in a criminal act. 2 Wigmore Evidence §§ 396, 397, 3rd edition; U.S. v. Beechum, supra. The motive is a cause which comes into play before the criminal act and of which the act is the effect.
The proof of motive can be uncharged misconduct evidence. This evidence may take two modalities or forms[*]. Under one form the act of uncharged misconduct supplies the motive for the charged crime. The two crimes are causally related. The uncharged act is cause and the charged act effect. Here the judge must be able to find that the uncharged act could have induced the charged crime. Here we cannot say that the evidence which the government seeks to introduce through its notice of March 11, 1985, supplies the cause of the acts for which co-defendant is being charged. We cannot say that the uncharged act supplies the motive for the charged crime or that the uncharged act is the cause and the charged crime the effect. There is no such link between the two.
On the other hand, in order to fall under the second form or modality of motive, the act of uncharged misconduct should evince the motive. Once more the motive is the *577 cause. Both acts are effects, and the uncharged act tends to show the motive that produced the charged act, which is the other effect. Both crimes are explainable as the result of the same motive.
Though at first this may seem to fit the situation before us in which the same "motive" (murder to prevent testimony) may underlie both acts, this conclusion arises upon a confusion of purpose with motive.
Under this second modality or form, motive is not to be equated to purpose. Motive is seen in relation of feelings towards the victim. Even totally different acts may disclose the same feelings. In such way the uncharged act may evince the same motive as the charged act. Thus, under this form or modality the feelings or emotion which serves as motive must be directed at the victim.
Absent this requirement the evidence would show only the defendant's violent nature and violate the prohibition in the first sentence of Federal Rule of Evidence 404(b).
This is precisely what happens here.
There is no link of emotion towards the same victim as to find the motive exception applicable. On the contrary, there is no relation whatsoever between the victims in both acts.
The uncharged misconduct of the type the government seeks to introduce is the very theory forbidden by Federal Rule of Evidence 404(b). The prosecution is offering uncharged misconduct to prove character of a person in order to show that he acted in conformity therewith. It is directed at an inference of action rather than identity.
The rule limits the use of evidence whose only bearing is to show the propensity of the accused toward the crime in the light of the present facts.
Here we do not find a common scheme as required to show knowledge, U.S. v. Moccica, 681 F.2d 61, 63 (1st Cir.1982), nor an offense showing bearing upon others also based on a common scheme or plan. U.S. v. Barrett, 539 F.2d 244, 248-249 (1st Cir. 1976); U.S. v. Hopkinson, 492 F.2d 1041, 1043 (1st Cir.), cert. denied, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974); Green v. U.S., 176 F.2d 541, 543 (1st Cir. 1949).
The arguments adduced by the government are not persuasive nor sufficient in law to authorize the use of said evidence.
Having found the evidence to be inadmissible under Federal Rule of Evidence 404(b), we need not pass over co-defendant's second contention of its inadmissibility under Federal Rule of Evidence 403 which guards against the use of any kind of character evidence when probative worth is substantially outweighed by the danger of unfair, prejudiced confusion of issues or misleading of the jury. U.S. v. Wright, 573 F.2d 681, 683 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978); U.S. v. Herman, 589 F.2d 1191, 1197-98 (3rd Cir.1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979).
Accordingly, in view of the above, the Court hereby forecloses the use of the evidence subject of the government's Notice of March 11, 1985.
IT IS SO ORDERED.
NOTES
[*] See, Edward J. Imwin Kilreid, Unchanged Misconduct Evidence, Callaghan, 1984, Chapters 2-3.