99 F.3d 1128
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Thomas BANKS, Plaintiff, Appellant,
v.
Barry McGEE, et al., Defendants, Appellees.
 No. 95-1673.
 United States Court of Appeals, First Circuit.
 Nov. 8, 1996.
 
 Thomas O. Banks on brief pro se.
 Marc DeSisto, Kathleen M. Powers and DeSisto Law Offices on brief for appellees.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon careful review of the briefs and limited record in this appeal, we conclude that no substantial question is presented and that the judgment for defendants should be affirmed. We add only these comments.
 
 
 2
 1. The district court did not abuse its discretion in concluding that evidence of an unrelated disciplinary action should be excluded under Fed.R.Evid. 404(b), because that evidence was highly prejudicial and would only show "bad character from which to infer a propensity to commit the present act." See Tigges v. Cataldo, 611 F.2d 936, 938 (1st Cir.1979). Plaintiff's reliance on Fed.R.Evid. 608(b) is similarly unavailing. See id. at 939.
 
 
 3
 2. Plaintiff never brought his claim regarding newly discovered evidence to the attention of the district court. Therefore, we will not consider that claim for the first time in this appeal. See Clauson v. Smith, 823 F.2d 660, 666 (1st Cir.1987).
 
 
 4
 3. Plaintiff waived his arguments regarding the jury instructions by failing to object below. See Fed.R.Civ.P. 51. Therefore, we do not consider his contentions concerning the lack of instructions on state law negligence claims or the content of the instruction on the deliberate indifference standard. Further, upon review for plain error, we conclude that the record here exhibits no error that "seriously affected the fairness, integrity, or public reputation of judicial proceedings." See Toscano v. Chandris, S.A., 934 F.2d 383, 384-85 (1st Cir.1991).
 
 
 5
 4. We reject plaintiff's contention regarding the jury's request to read trial transcripts. The trial was relatively brief, and so the district court's decision to withhold the transcripts was well within its broad discretion in such matters. See United States v. Hyson, 721 F.2d 856, 865 (1st Cir.1983).
 
 
 6
 5. Our usual plenary review of the directed verdict is stymied here because plaintiff has provided an incomplete trial transcript. See Fed. R.App. P. 10(b)(1) (appellant has the duty to "order from the court reporter a transcript of such parts of the proceedings not already on file as [he] deems necessary"); Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc., 806 F.2d 1128, 1135 (1st Cir.1986) (we will not review a claim of error if appellant has failed to include a transcript of the pertinent proceedings in the record on appeal). In any case, our review of the limited record available does not lead us to conclude that a jury question remained as to the city's liability. See id. (we nevertheless may consider appellant's claim to the extent possible).
 
 
 7
 Affirmed. See 1st Cir. Loc. R. 27.1.