USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1673 THOMAS BANKS, Plaintiff, Appellant, v. BARRY MCGEE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Thomas O. Banks on brief pro se. _______________ Marc DeSisto, Kathleen M. Powers and DeSisto Law Offices on brief ____________ __________________ ___________________ for appellees. ____________________ November 8, 1996 ____________________ Per Curiam. Upon careful review of the briefs and ___________ limited record in this appeal, we conclude that no substantial question is presented and that the judgment for defendants should be affirmed. We add only these comments. 1. The district court did not abuse its discretion in concluding that evidence of an unrelated disciplinary action should be excluded under Fed. R. Evid. 404(b), because that evidence was highly prejudicial and would only show "bad character from which to infer a propensity to commit the present act." See Tigges v. Cataldo, 611 F.2d 936, 938 (1st ___ ______ _______ Cir. 1979). Plaintiff's reliance on Fed. R. Evid. 608(b) is similarly unavailing. See id. at 939.  ___ ___ 2. Plaintiff never brought his claim regarding newly discovered evidence to the attention of the district court. Therefore, we will not consider that claim for the first time in this appeal. See Clauson v. Smith, 823 F.2d 660, 666 (1st ___ _______ _____ Cir. 1987). 3. Plaintiff waived his arguments regarding the jury instructions by failing to object below. See Fed. R. Civ. P. ___ 51. Therefore, we do not consider his contentions concerning the lack of instructions on state law negligence claims or the content of the instruction on the deliberate indifference standard. Further, upon review for plain error, we conclude that the record here exhibits no error that "seriously affected the fairness, integrity, or public reputation of -2- judicial proceedings." See Toscano v. Chandris, S.A., 934 ___ _______ _______________ F.2d 383, 384-85 (1st Cir. 1991). 4. We reject plaintiff's contention regarding the jury's request to read trial transcripts. The trial was relatively brief, and so the district court's decision to withhold the transcripts was well within its broad discretion in such matters. See United States v. Hyson, 721 F.2d 856, ___ _____________ _____ 865 (1st Cir. 1983).  5. Our usual plenary review of the directed verdict is stymied here because plaintiff has provided an incomplete trial transcript. See Fed. R. App. P. 10(b)(1) (appellant ___ has the duty to "order from the court reporter a transcript of such parts of the proceedings not already on file as [he] deems necessary"); Valedon Martinez v. Hospital Presbiteriano ________________ ______________________ de la Comunidad, Inc., 806 F.2d 1128, 1135 (1st Cir. 1986) ______________________ (we will not review a claim of error if appellant has failed to include a transcript of the pertinent proceedings in the record on appeal). In any case, our review of the limited record available does not lead us to conclude that a jury question remained as to the city's liability. See id. (we ___ ___ nevertheless may consider appellant's claim to the extent possible). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-