Joseph F. SUPERCHI, Plaintiff,

v.

TOWN OF ATHOL, et al., Defendants.

Civil Action No. 92–40008–NMG.

United States District Court,
D. Massachusetts.

Dec. 19, 1996.

**4**

Patrick J. Riley, Eric P. Finamore, Boston, MA, for Plaintiff.

Nancy Merrick, Stephen C. Pfaff, Boston, MA, for Town of Athol, Brian Dodge.

William J. Ritter, Philip J. MacCarthy, Richard W. McLeod, Worcester, MA, for Timothy McDonald.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff moves pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Fed. R.Civ.P."), for (a) a new trial on his claims of violations of civil rights by the defendants Town of Athol and Brian Dodge, and (b) leave to conduct additional limited discovery. Defendants oppose plaintiff's motion and move for relief from judgment pursuant to Fed.R.Civ.P. 60(a).

### I. *Factual Background*

This was an action for violation of civil rights, negligence and assault and battery stemming from injuries received by Joseph F. Superchi ("Superchi") as the result of a motorcycle accident on July 28, 1990 in which Superchi was a passenger on the motorcycle operated by defendant, Timothy McDonald. Superchi alleged that defendant, Brian Dodge ("Dodge"), intentionally and recklessly operated a police cruiser in such a way as to force the motorcycle to leave the road and to strike a utility pole and that such conduct violated his civil rights. Superchi also alleged negligence against Dodge and imputed negligence against the Town of Athol.

On October 21, 1994, the jury returned a verdict 1) for defendant Dodge on the claims of violation of civil and constitutional rights and assault and battery, 2) for plaintiff Superchi against the Town of Athol and Timothy McDonald on the claims of negligence, and 3) for damages in the amount of $4,000,-000. Pursuant to M.G.L. c. 258 the amount of damages against the Town of Athol was reduced to $100,000.

### II. *Motion for a New Trial*

#### A. *Superchi's Argument*

Superchi argues that defendants willfully and deliberately violated the Orders of this Court by refusing to produce documents which were the subject of a Court Production Order. Nine allegations against Dodge for the use of excessive force were produced in response to that order. Superchi has since discovered seven additional allegations brought to light by virtue of the District Attorney's recent criminal prosecution against Dodge for use of excessive force.

Superchi contends that such evidence would have affected his case because:

1) it was additional evidence of the Town of Athol's notice of Dodge's tendencies,
2) during the cross examination of Dodge, it could have been used to impeach his credibility (Dodge having denied the existence of such allegations in his deposition),
3) it demonstrated the inadequacy of the police department's investigation into the allegations and the Town's lack of credibility (although plaintiff did not present that theory at trial, he may have had he possessed such additional information), and
4) it would have afforded plaintiff an explanation for the changed testimony of his witness, Mr. Mallet, who had been visited by a member of the police department the night before his testimony.

#### B. *Defendant's Response*

Defendants respond that the Town of Athol complied with the discovery requests at issue and that the two people in charge of producing the documents (Chief Thomas Button and Mary Bates) were unaware of any of the "additional" complaints against Dodge during discovery or anytime before trial. Plaintiff has cited seven additional undisclosed complaints. Of those, four were not in

existence in written form until January, 1996 and the other three were in the possession of former Chief Lyons. Buttons did not know of the complaints until October, 1995. Bates was also unaware of those complaints and did not have access to Lyons' files during her records search.

The defendant Town further contends that the additional allegations against Dodge, although discoverable, would not have been admissible against Dodge because such complaints could not have been offered to show a propensity on his part to use excess force, citing this Court's Order entered October 14, 1994. Furthermore, the defendant argues the allegations were inadmissible against the Town of Athol because the subject incidents occurred after July 28, 1990, the date at issue here, and are therefore irrelevant to policy or custom prior thereto.

### C. Discussion

Any motion under Fed.R.Civ.P. 59 must be filed not later than ten days after entry of judgment. The judgment in this case, despite its incompleteness, was entered on December 2, 1994. Superchi is long since foreclosed from filing a motion under that rule. Pursuant to Fed.R.Civ.P. 60(b), the Court may, but is not required to, relieve a party from final judgment in the case of "(1) mistake ... (2) newly discovered evidence ... (3) fraud, misrepresentation, or other misconduct of an adverse party, ... or (6) any other reason justifying relief." Any motion for reasons (1), (2), or (3) of Rule 60(b) must be filed not more than one year after judgment was entered and, as to such reasons, Superchi is, again, too late for relief under that rule. As to reason (6), this Court finds no "other reason justifying relief."

██ Even if plaintiff's motion had been timely filed, however, the motion would be denied because:

1) the newly discovered evidence would have been inadmissible under Fed.R.Evid. 404 and inadmissible against the Town as irrelevant to the time frame of the claims against the Town, and

2) in the opinion of this Court, it would not have affected the jury's verdict.

### 1. Court Orders

This Court's Order of October 14, 1994 denied the defendant's motion to exclude any and all complaints against Dodge and other Athol police officers of the use of excessive force. It stated:

Although the evidence of prior complaints against Dodge is not inadmissible with respect to the Town of Athol, it is inadmissible with respect to Dodge. Plaintiff cannot use the evidence to show that Dodge conducted himself in conformity with those alleged prior acts or had a propensity to use excessive force. Plaintiff, therefore, cannot elicit testimony from Dodge regarding those alleged prior acts. F.R.E. 404(b), 608; Tigges v. Cataldo, 611 F.2d, 936 (1st Cir.1979).

Order of October 14, 1994 [docket # 78], p. 3–4. The Court further ruled on October 20, 1994, that the five prior charges of misconduct by Dodge were admitted into evidence only with respect to the claim against Town of Athol and *not* against Dodge. Clerk's notes [docket # 90]. Finally, in the jury instructions the Court stated:

you have heard reference to several instances of alleged prior misconduct on the part of Officer Dodge. The purpose of that evidence is NOT to prove the character of Officer Dodge, or to show that he had a propensity for violence or a propensity to use excessive force. That evidence does not relate to the plaintiff's case against Officer Dodge at all. Therefore, I instruct you NOT to consider it in any of the claims against him.

Jury Instructions, p. 6.

### 2. Admissibility To Show the Town Had Notice

The jury could only have found the Town of Athol liable for a deprivation of plaintiff's constitutional rights if it had first found that Dodge violated the plaintiff's constitutional rights. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); see also Jury Instructions, p. 19 and Verdict Form, p. 1. The jury found that Dodge had not violated the plaintiff's constitutional rights. Because the new-

ly discovered evidence would not have been admissible against Dodge and the verdict with regard to him would not have changed, the Town of Athol could not have been found liable for constitutional violations no matter how much evidence of notice the jury heard. The prior non-disclosure of such evidence is not, therefore, adequate grounds for the granting of a new trial.

### 3. *Admissibility for Other Reasons*

The other stated purposes of the plaintiff for offering the undisclosed complaints are also insufficient to require the granting of a new trial. Despite plaintiff's desire to cross examine Dodge about the additional complaints against him for impeachment purposes, the evidence would have been inadmissible because it was clearly more prejudicial than probative. Furthermore, this Court's pre-trial order clearly prohibited the use of such evidence in this manner and the Rules of Evidence limit the inquiry about such incidents by prohibiting the introduction of extrinsic evidence thereof. Fed.R.Evid. 608(b).

Plaintiff's desire to offer evidence of prior undisclosed complaints against the defendant Dodge as proof of the inadequacy of the police department's investigation or to attack the Town's overall credibility is immaterial to the outcome of the trial. As discussed above, the Town of Athol could not have been found liable on the claim of violation of civil and constitutional rights because Dodge was not found liable on that claim. The Town was found to have been negligent and the maximum amount of damages were imposed against it. Therefore, even if evidence of the undisclosed complaints were admissible, it would not warrant the granting of a new trial.

Plaintiff's contention that such evidence would have provided the jury with an explanation for Mr. Mallet's changed testimony is tenuous at best. It is unclear how evidence of the undisclosed complaints alone would explain why Mr. Mallet changed his testimony or how it would have affected the jury verdict and this Court is not thereby persuaded to grant a new trial.

### D. *Ruling*

Plaintiff's motion for new trial will be denied because it was not timely filed pursuant to either Fed.R.Civ.P. 59 or 60(b). Moreover, even if the motions were timely, relief under those rules is within the discretion of the Court and because new evidence of undisclosed complaints could not have changed the verdict of the jury, this Court finds no reason to allow, and therefore will deny, plaintiff's motion.

### III. *Motion for Leave to Conduct Limited Discovery*

Because plaintiff's motion for a new trial will be denied there will be no need for discovery and plaintiff's related motion to conduct limited discovery will also be denied.

### IV. *Cross Motion For Relief From Judgment*

Over plaintiff's objection, defendants move that the judgment be corrected pursuant to Fed.R.Civ.P. 60(a), which states in pertinent part:

> Clerical mistakes in judgments ... arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

██ Pursuant to that rule, it is appropriate that the judgment in this case be corrected to reflect the fact that the jury found in favor of defendant Dodge on the civil rights and assault and battery counts. Because the jury found in favor of Dodge on the civil rights count, it had no reason to decide the civil rights count against the Town of Athol. Defendant's motion to correct the judgment will therefore be allowed.

### ORDER

For the foregoing reasons,

1. The plaintiffs' motion for a new trial and for leave to conduct additional limited discovery is DENIED; and

2. Defendants' cross motion for relief from judgment is ALLOWED.

So Ordered.